## RANDOLPH BANK v. ARMSTRONG, Garnishee.

1. PRACTICE. When in an action of garnishment an interpleading party has the affirmative of the issue, the court may order that he shall open and close the argument to the jury.

2. EVIDENCE. The evidence of a witness will not be excluded from the

jury, upon the ground that a part of his information was derived from letters, which are not produced, when it is not shown that all, or if what portion of his information was derived from that source.

3. SAME: COMPETENCY. In an action between a judgment plaintiff and a garnishee, the judgment defendant is a competent witness to show an assignment of the demand upon which the plaintiff seeks to recover, before the garnishment.

4. AGENCY. A member of a firm may assign a judgment in favor of the co-partnership, to a third party, for whom he may act as agent in the acceptance of the assignment.

5. ASSIGNMENT. The assent of an absent assignee to an assignment made for a valuable consideration and beneficial purpose will be presumed unless his dissent is expressed.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 17.

ON the 10th day of November, 1858, plaintiff recovered a judgment of $477.63 and costs, against the firm of Green, Thomas & Co. Two days thereafter the said firm of Green, Thomas & Co., recovered a judgment in the same court against John H. Armstrong, for $404.52 and costs. Immediately after this last judgment was rendered, and on the same day, Ed. H. Thomas, of the firm aforesaid, assigned the same, in part payment of a fifteen thousand dollar debt, to Elias, John W. and George A. Thomas, of Portland, in the State of Maine. On the day following this, to-wit, the 13th day of November, 1858, the plaintiff garnished Armstrong, who admits in his answer that Green, Thomas & Co., obtained the aforesaid judgment against him and that the same was unpaid, but that it had been assigned, as he was advised, to the three Thomases in Portland, and which also appeared of record.

In addition to the answer of the garnishee, the said Elias, John W. and George A. Thomas, set up a claim to said judgment by virtue of the assignment aforesaid, which they allege was made to them for a valuable consideration before the garnishment was served on Armstrong.

The plaintiff controverts both the answer of the garnishee

and the claim of the Thomases upon the ground that there was no valid assignment prior to the service of the garnishment upon Armstrong. An issue being thus formed, was tried and found against the plaintiff, and the judgment rendered thereon was appealed from by him.

*Crocker & Smith* for the appellant.

*Ed. H. Thomas* for the appellee.

LOWE, C. J.—I. Under the issue, as it was made up, the interpleading claimants had the affirmative, and therefore there was no error in ordering that they should open and close the argument to the jury.

II. J. B. Field testified to the indebtedness of the firm of Green, Thomas & Co., to claimants, as the consideration of the assignment of the judgment to them, and in doing so referred to certain letters which had passed between the claimants and Ed. H. Thomas, as the source in part of his information on this point. The plaintiff moved the court to exclude the testimony unless the letters were produced, which the court refusing to do is now urged as error. The answer to this point is that the knowledge of the witness was derived only in part from the letters in question, and to enable us to determine intelligently whether his entire evidence should be excluded for such cause, a more specific and particular statement should have been elicited from the witness, as to the sources of his information. Wherever an error is complained of it should be made to appear not only affirmatively but with reasonable certainty. In addition to this it is worthy of remark that the same fact was abundantly established by two other witnesses, Thomas and Warren.

III. But as they were defendants in the execution and garnishment, the admissibility of their testimony is assigned as the third error. This relation to the parties however does not affect their competency upon the score of interest, as before held by this court in 7 Iowa 475, and 4 Ib. 44.

IV. The next principal error insisted upon was the refusal give to the jury the following instruction asked by the plaintiff: " That E. H. Thomas, being one of the original debtors, could not at the same time be the agent of the assignees and could not act in both capacities of assignor and agent of assignees; and the assignment would be invalid and of no effect until theassignees' assent was obtained, and until they had notice of such assignment." The evidence to which this instruction relates, and upon which it is founded, was that Ed. H. Thomas, who was one of the plaintiffs in the judgment against Armstrong, and one of the defendants in the judgment which the plaintiff held against Green, Thomas & Co.; was also the authorized agent of the claimants ; that he assigned the judgment against Armstrong to the claimants, on the 12th of November, 1858, and communicated that fact on the following day to the assignees by mail, which would not reach them short of four or five days ; that on the same day that the notice of the assignment was forwarded to the assignees at Portland, in the State of Maine, the garnishee notice was served upon Armstrong.

. Now the forgoing instructions required the court to lay down two propositions of law to the jury.

*First:* That while Ed. H. Thomas as a member of the firm of Green, Thomas & Co., could assign the judgment which they held against Armstrong, to the claimant, he could not as their agent accept such assignment so as to make it complete in law at the date of the transfer.

*Second:* That an assignment of this description was not effectual in law until notice to, and acceptance by, the assignees, so as to defeat an intervening garnishment.

With regard to the first question, we readily understand the reason why an agent cannot act so as to bind his principal when he himself has an adverse interest. The nature of the engagement requires the exercise of disinterested skill and diligence on the part of the agent. For this reason he is not allowed to buy for another goods belonging to

himself, nor can he become the purchaser at a sale made for his principal. If he did either, and thus abused the confidence reposed in him, the injured party would not be bound by the act. But certainly it is not in this sense that the interest of Ed. H. Thomas, was adverse to, or incompatible with that of his principals in Portland, when as their agent, he accepted the assignment in question. If the assignment was legal, and for a valuable consideration, the judgment passed out of the control of Green, Thomas & Co., as a firm, and as such we can perceive no sound reason why Thomas, as the agent of the claimants, might not only accept the assignment, but have taken the management of the collection of the judgment and paid the proceeds over, when collected, to his principals; and this very point was adjudged to be proper in the case of *Tompkins* v. *Wheeler*, 16 Pet. 220, where the assignor, agent of the assignee, continued in possession of the unsettled accounts and choses in action which had been assigned, and collected the same for the benefit of the assignee. This same authority held, as it had been before held in the same court in the case of *Marbury* v. *Brooks*, 11 Wheat. 96, that an assignment for the benefit of creditors is valid, although their assent is not given at the time it was made. The object being beneficial to the creditor, his assent may be safely presumed. Such certainly is the doctrine as applicable to general assignments made to trustees for the benefit of creditors. And we are inclined to think, that out of New England, the weight of authority is that the assent of absent persons to special assignments, will be presumed unless this dissent be expressed, if made, as in this case, for a valuable consideration and beneficial purpose. 2 Kent Com. 704, 1 Am. L. C. 96. A letter assigning personal property to an absent creditor for the indemnity of himself, or of himself and others, and sent by mail, takes effect from its date. *Dargon* v. *Richardson*, 1 Lou. 197, 218.

As now advised, we cannot say that the court erred in refusing to give this instruction. In regard to the other questions

raised, they are not of a character demanding a distinct notice, and the judgment below must be affirmed.