BOYD v. THE FIRST NATIONAL BANK OF OSKALOOSA.

1. Evidence: DECLARATIONS. The declarations of a witness, made soon after an occurrence of which he testifies, agreeing with his statements on the trial, are not admissible for the purpose of strengthening his testimony. Such declarations would, however, be admissible where it was claimed that, on account of the relation of the witness to the cause or parties, he designedly gave false testimony, and the declarations are shown to have been made before such relations existed.

2. —— IMPRESSIONS AND OPINIONS. The impressions or opinions of a witness formed from a conversation at the time thereof, are not admissible for the purpose of giving weight to his evidence.

3. —— IMPEACHMENT : BILL OF EXCEPTIONS. A bill of exceptions purporting to embody the evidence given on a former trial, cannot be introduced for the purpose of contradicting and thereby impeaching a witness whose evidence, it is claimed, is embraced in the bill.

*Appeal from Jasper District Court.*

THURSDAY, JULY 2.

ACTION at law to recover the value of a certain amount of government bonds deposited by plaintiff with defendant. Verdict and judgment for plaintiff. Defendant appeals.

*W. H. Seevers* and *H. S. Winslow* for the appellant.

*M. E. Cutts* for the appellee.

BECK, J.— Plaintiff made a special deposit with defendant of an amount of United States bonds. When he drew them out of the bank, there arose a difference between him and the cashier as to the amount deposited, plaintiff claiming the amount to be $1,000 more than was admitted by the officer of the bank to have been deposited. At the time the deposit was made, the cashier gave plaintiff a receipt for the amount which plaintiff claims was really deposited. Defendant claims that there was a mistake in the receipt, and that it calls for $1,000 more bonds than in fact were deposited. The questions raised by the assignment of errors are merely those relating to the admission and exclusion of evidence

I. Two witnesses gave material and important evidence for defendant in regard to a conversation and transaction between plaintiff and the cashier of defendant, in the banking-house of defendant. For the purpose of giving weight to their evidence, by supporting their memories and showing thereby that their statements were entitled to greater credit, defendant proposed to prove by each, that immediately after the conversation and transaction of which they testified, they talked with each other, and soon after with their families, about the matter, and made certain statements about it corresponding with their evidence at the trial. These statements defendant proposed to prove by these witnesses. The evidence as offered was not admitted by the court; its rejection is complained of as error.

1. EVIDENCE: declarations.

The evidence was offered, not to corroborate the witnesses, nor in any way to sustain them against impeachment, for that had not been attempted, but, in the language of the defendants' counsel, "for the sole purpose of satisfying the jury that the witnesses were probably not mistaken; that having talked the matter over, mentioned the amount of money, given expression to

their feelings, it would greatly tend to show the jury that the matter and transaction was strongly impressed upon their minds." The evidence was rightly rejected. We know of no authority or principle upon which it could have been admitted. Declarations of a witness are admissible where it is claimed that his relation to the case or parties interested discredits him, or, on account of such relations, he designedly makes false statements; and it is shown that the declarations, agreeing with his evidence, were made before such relations existed. Some authorities admit such declarations to support the witness when he is impeached directly, upon cross-examination, or otherwise. This rule, however, is not followed by this court. See *The State* v. *Cruise*, 19 Iowa, 312, and *The State* v. *Vincent*, 24 id. 570. It is claimed that the fact of the witnesses having made like statements soon after the happening of the transaction, would impress the facts upon their memories, and their testifying thereto would give credit to their memories before the jury. Observation teaches us, that errors and mistakes will also be impressed upon the memory by repetition thereof, and it may be true, that falsehoods, often repeated, will finally be averred and believed as truths by those who repeat them, and who were at first conscious of their true character. The rule contended for seems to be as unsupported by reason as it is by authority.

II. Another witness for defendant testified to a conversation had by plaintiff in regard to the subject of the suit. Defendant proposed to prove by this

2. —— impressions and opinions.

witness what he thought of the transactions related by plaintiff, and what impression the conversation made upon the mind of the witness, such impression and opinion being adverse to plaintiff. The object of this evidence, as claimed by defendant, was to satisfy the jury that the witness was not mistaken in his testimony.

This evidence was not admissible, for the reasons given for the rejection of the declarations of the other witnesses. If declarations of a witness are not admissible to support him, certainly his impressions and opinions of a transaction or conversation, formed at the time, cannot be.

III. The cause had been before tried, and a verdict had for plaintiff. Upon that trial, defendant had taken a bill 3. ——impeach- of exceptions, which contained a statement of ment: bill of exceptions. the evidence given by plaintiff, who was a witness in his own behalf. Defendant offered to introduce this bill of exceptions in evidence, for the purpose of contradicting, and thereby impeaching plaintiff, the proper foundation having been laid therefor. Upon plaintiff's objection, its admission was refused. We are united in the opinion that this ruling of the District Court was correct. The rule, which admits in evidence against the accused his voluntary confession and statements upon a preliminary examination, is supported by reasons which do not exist in the case of a bill of exceptions. The magistrate is charged, by the law, with the duty of reducing correctly to writing such confessions and statements. They are read over to him under the provisions of our statute, and he has the opportunity to correct them. Rev. §§ 4586–7.

In all cases where the authorities hold such statements to be admissible, it is the duty of the officer reducing them to writing to do so correctly. And it is presumed that the writing contains fully and perfectly the statements and admissions made by the accused.

Bills of exceptions are prepared with no view to such accuracy in the statements of witnesses. They are not required to contain all of the evidence of the witnesses, nor the language used by them, but only so much of the evidence as may be necessary to explain the ruling of the court. Rev. § 3107. They are never read to the witnesses,

who, in fact, have nothing to do with their preparation, and are usually ignorant of the fact that they are taken, and the evidence stated in them. We are well advised of the practice in their preparation. They are often written out, days, weeks, and even months after the trial, by the attorneys of the parties taking them, who state the evidence which, in their judgments, will best present the points of their cases. They are then submitted to the attorneys of the other parties, who, if the testimony, as stated therein, fairly presents, in their opinions, the points of law, consent thereto. If there be a disagreement, it is arranged by concessions. The bills of exceptions are then presented to the judges, who, unless they contain some glaring misstatements, will usually sign them. We are warranted in saying that some judges seldom refuse to sign, and often do not look over and read with care bills of exceptions presented to them by respectable opposing counsel, with an indorsement of their approval and agreement.

We are well advised, too, that, in the preparation of bills of exceptions in open court, the counsel of the respective parties often disagree upon the evidence intended to be stated, and their differences are reconciled, with the approbation of the court, by mutual concessions which finally present the evidence as claimed by neither, and which in fact does not fully satisfy either party. In such a case the witness, or party whose evidence is set out in a bill of exceptions, is not consulted in regard thereto, and, indeed, may be in entire ignorance of the fact that the evidence which he gave is thus attempted to be reduced to writing.

It is true that a bill of exceptions, when signed and filed, is a record; but it is a record for a particular purpose, and, as the statute does not require it to be prepared with a view that it shall contain an accurate report

of the evidence, and as in practice this is not always attempted, it ought not to be admitted in evidence in any proceeding to impeach or contradict a witness whose evidence it purports to contain, unless verified and supported as other proof.

Our remarks in regard to the manner in which bills of exception are often taken, must not be understood as approving the practice we have described. On the contrary, we think the habit, which prevails in some courts, of deferring the preparation of these records until after the adjournment of the court, and of introducing therein matter of evidence which was nominally given upon the trial, or of omitting what was really admitted, merits the condemnation of the courts and ought to be reformed.

Our conclusion upon this branch of the case, we think, is clearly supported by principle and reason, and cannot be shaken by *Baylor* v. *Smithers* (1 Monroe, 6) and *Smith* v. *The State* (28 Geo. 19), cited by defendant's counsel. *Nelson* v. *Columbia Ins. Co.* (1 Johns. 301), seems to support the doctrine we have adopted.

We are asked to reverse the ruling of the District Court in overruling a motion for a new trial, on the ground that the verdict is contrary to the evidence. The evidence was conflicting, and there probably may be well grounded doubts of the correctness of the verdict, though probably like doubts would have existed had it been different.

We are unable to arrive at the conclusion that the verdict is clearly against the weight of the evidence, and was not a fair and honest expression of the best judgment and reason of the jury exercised in considering the conflicting evidence submitted to them. Such conclusion only would warrant us in reversing the judgment of the District Court upon the motion for a new trial. The fact that a verdict for plaintiff has been rendered by two

juries in different counties confirms us in the opinion that it should not be disturbed and that at another trial it would be repeated.

Affirmed.