Sutton v. Ballou.

SUTTON v. BALLOU ET AL.

1. **Sale of Personal Property**: CHANGE OF POSSESSION: WHAT IS NOT. Where cattle, purchased while running at large, were separated from the other cattle of the seller at the time of the sale, but were afterwards allowed to run with them as before, under the charge of a son of the seller, *held*, that there was not such a change of actual possession as to constitute a valid sale, under section 1923 of the Code, as against a subsequent mortgagee without notice.

2. ——: ——: INSTRUCTION. Under such circumstances it was not error to instruct the jury that, if there was an actual delivery of the cattle to the buyer, he must have continued his possession to the time of the execution of the subsequent mortgage by the seller, to render such mortgage invalid.

*Appeal from Clarke Circuit Court.*

TUESDAY, OCTOBER 2.

THIS is an action of replevin. The plaintiff claims the property in controversy, twenty-four head of stock cattle, of all sizes, kinds and sexes, and about two years old, in virtue of a purchase of the same from one John O'Hara, on the 10th day

of July, 1874. The defendant, C. W. Cowles, claims the property under a chattel·mortgage executed by said John O'Hara, on the 16th day of July, 1874, to secure the payment of a promissory note of the same date, executed by O'Hara to Cowles, for the sum of $1,200. The evidence shows that plaintiff purchased the cattle from O'Hara on the 10th day of July, and that he fully paid for them on the 15th day of July, 1874. The question is whether there was such actual change of possession that plaintiff can hold the property against Cowles, a subsequent mortgagee. There was a jury trial, and a verdict and judgment for defendant. Plaintiff appeals.

*Stuart Brothers*, for appellant.

*Henry Stivers* and *Chaney & Temple*, for appellees.

DAY, CH. J.—I. Appellant insists that the evidence shows a valid sale and delivery of the cattle in controversy, from

1. SALE of personal property: change of possession: what is not.

O'Hara to plaintiff, prior to the date of defendant's mortgage, and that the finding of the jury to the contrary should have been set aside by the court as against the evidence. Plaintiff made the contract of purchase on the 10th, and paid for the cattle on the 15th of July. The evidence tends to show that before the contract of purchase was made the cattle had been separated from O'Hara's other cattle on the range, by his son, and driven about a mile. After plaintiff bought them they were driven twenty or thirty rods on the range, and then plaintiff hired O'Hara's boy, through his father, to herd them. After that these cattle remained with others owned by O'Hara, and were herded on the prairie, sometimes by this boy, and sometimes by O'Hara's other children. The cattle went in a "bunch" together, were recognized as O'Hara's cattle, were driven up at night by the boy, and O'Hara frequently went out in the morning to look after them. No change was observable in the manner of keeping the cattle until O'Hara left, about the last of July. Appellant cites and relies upon *Brown v. Wade*, 42 Iowa, 647. That case involved simply a question of delivery as between the

parties to the contract. This case arises under section 1923 of the Code, which provides that " no sale or mortgage of personal property, when the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides."

Construing this section in *Boothby & Co. v. Brown*, 40 Iowa, 104 (106), it is said: " The law contemplates that there shall be a change of possession, something to indicate the fact of the purchase, the change of ownership of the property by the claimant. If, therefore, the property be left with the seller, whose relations to it continue unchanged, so far as the world may know by the acts of the parties, the possession will be regarded as continuing in him. The absence of acts of control or ownership, on the part of the seller, will not be evidence that the actual possession was transferred to the purchaser." See, also, *Hesser & Hale v. Wilson*, 36 Iowa, 152.

In this case the jury might well find from the testimony that the property was left with the seller, and that his relations to it continued unchanged, so far as the world could know from the acts of the parties. The verdict, we think, therefore, is not without support in the testimony.

II. The court instructed the jury very fully and clearly upon the questions of delivery and possession. No complaint is made by appellant of any of the instructions given except the fourth and sixth. These instructions are as follows: "4. Under the law, a sale of personal property is not valid as against a subsequent purchaser, for value, without notice thereof, unless the same is duly recorded, when the possession of the property remains with the vendor. In this case you will notice that the parties herein both claim title from John O'Hara. The plaintiff claims that O'Hara sold and delivered the cattle to him prior to the making and recording of the mortgage to the defendant, but admits that his sale was not recorded. Now, if it should turn out upon the evidence (and you therefore find) that the plaintiff did in

good faith purchase the cattle in controversy of said O'Hara, and that in pursuance of such sale said O'Hara delivered the possession thereof to the plaintiff prior to the execution of the mortgage, and the same was still in plaintiff's possession at the time of the execution of defendant's mortgage, then you should find your verdict in favor of the plaintiff. In such case, O'Hara having made a complete sale by delivery of possession, the rights of the plaintiff would be perfect, and O'Hara could not impart any title or right as against the plaintiff by a subsequent mortgage to defendant." "6. If you find a sale of the cattle to plaintiff by contract, then to make the sale perfect as against a subsequent mortgage, taken in good faith and without notice, there must have been an actual delivery or change of the possession of the cattle prior to the making of the mortgage; that is to say, they should have been placed in the custody of plaintiff by setting the cattle apart to him, or such other act as the nature of the property would reasonably admit of, and such custody or actual possession should be continued down to the time of the execution of the mortgage. In other words (to more accurately state the law), the actual possession of the property should not remain and be in said O'Hara, plaintiff's vendor." The only complaint made of these instructions is, that they direct the jury that plaintiff must have continued in the possession of the property from the time of the purchase up to the date of defendant's mortgage. Appellant argues that if the cattle were sold and delivered to plaintiff, he would have the right to leave them in the possession of any one. But, as applied to the facts of this case, we think this portion of the instructions is not erroneous. At the time of the contract of sale, the plaintiff, at the most, as shown by the testimony, had possession of the property but a few minutes. He then left it on the range under such circumstances that O'Hara, to all appearances, had the same actual possession of it as before. As contradistinguished from this act, plaintiff ought, in the language of the instruction, to have *continued* his possession.

III. Appellant complains of the refusal of the court to give the following instructions:

Sutton v. Ballou.

"If you find from the evidence that on or about the 10th day of July, 1874, or any time prior to the recording the chattel mortgage of C. W. Cowles, said John O'Hara separated, set apart and counted or designated the property in controversy, or separated the twenty-four head of cattle from his other cattle, so as to leave no other act for him to do, then you will find there was a sufficient delivery of the cattle by said O'Hara to plaintiff."

"If you find there was a counting out, separating and setting apart the twenty-four head of cattle for the purpose of completing the sale at any time prior to the execution of the mortgage of C. W. Cowles by one John O'Hara; that said John O'Hara did all and every act he could do to pass title and possession of said property by declaring he would not be responsible for them, together with other acts; and you find further that plaintiff never did re-deliver to O'Hara said property; or, in other words, there remained no act for the said John O'Hara to do to pass title, then you must find for plaintiff."

Under the evidence these instructions were properly refused. However sufficient these facts might be as between the parties to pass the title, they are not sufficient under section 1923 of the Code, so long as the vendor was allowed to retain the actual possession.

IV. Appellant lastly claims that the description of the property in the mortgage is so indefinite that defendant cannot recover the property from plaintiff. This point does not seem to have been presented in the court below, and it cannot be made for the first time here. The mortgage, however, describes the property as three year old, two year old, and one year old steers, "being all the stock of the description above named owned by me." This last description furnishes a means of identifying the property. The record discloses no error.

AFFIRMED.