McKAY v. CLAPP ET AL.

1. **Vendor and Vendee**: POSSESSION. C, having a quantity of grain, sold it to E, receiving part payment therefor, and agreeing for future delivery. He subsequently told W that he had made the sale, and agreed with W that he should deliver it: *Held*, that this did not constitute a valid sale as against an existing creditor without notice.

*Appeal from Delaware Circuit Court.*

WEDNESDAY, DECEMBER 12.

THE defendant, Clapp, being indebted to the plaintiff, absconded. The plaintiff commenced this action, aided by attachment, and levied upon certain grain which Clapp left upon his premises. S. S. Evans intervened in the action, claiming that before Clapp absconded he sold the said grain to him, and that at the time of the levy of the attachment he (Evans) was the absolute owner thereof.

A jury was waived and there was a trial by the court. Judgment was rendered for the plaintiff and against Clapp, and against the intervenor for costs. Evans, the intervenor, appeals.

*Yoran & Clark*, for appellant.

*S. G. Van Anda* and *Bronson & LeRoy*, for appellee.

ROTHROCK, J.—I. There is no controversy about the indebtedness from Clapp to McKay. It was in amount something over $400. The grain in controversy had been threshed, and Clapp left it in that condition. A few days before he left he contracted to sell it to Evans, who

1. VENDOR and vendee: possession.

was a dealer in grain at Manchester, and received part payment therefor. Clapp was to deliver the grain, and payment for it was to be completed when it should be delivered, weighed, and the quantity ascertained. Before Clapp went away, and upon the eve of his departure, he told one Wilson that he had sold the grain to Evans, and Wilson agreed to deliver it to Evans.

Section 1923 of the Code provides that "No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors, or subsequent purchasers without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides."

It is claimed that there was a delivery of the property from Clapp to Wilson, and that Wilson received the possession for Evans. We do not think there was any evidence to justify such a conclusion. What is meant by the statute is that there must be an actual change of possession. In this case the grain was undisturbed, and Clapp merely made Wilson his agent to deliver the possession to Evans.

II. It is next insisted that McKay, or the sheriff who levied the writ, had notice of the sale to Evans before the levy was made.

There is a conflict in the evidence on this question. We think the court was justified in finding from the evidence that the sheriff was on the premises and had the property under his control, by virtue of the writ, at the time notice was given.

AFFIRMED.