CASE & CO. v. BURROWS ET AL.

1. **Evidence:** IMPEACHMENT OF WITNESS: REPORTER'S TRANSCRIPT. The reporter's transcript of his notes of testimony in another case is not admissible to impeach a witness by showing that his testimony in the two cases is in conflict, unless the facts in reference to which the testimony is given are identified as being the same in both cases. Whether if properly identified such evidence would be competent, *quære?*

2. **Sale:** CHANGE OF POSSESSION: CODE, SECTION 1923. Section 1923 of the Code does not apply to a case where personal property sold is not at the time of the sale in the actual possession of the vendor, but in that of a third person, who retains it after the sale the same as before.

*Appeal from Buena Vista District Court.*

FRIDAY, OCTOBER 22.

THE plaintiff recovered a judgment against the defendants Burrows, Watts and Prentice upon certain promissory notes. At the commencement of the action a writ of attachment was issued, and twenty-four cattle were levied upon as the joint property of defendant Watts and one Maurice Burrows. Robert Whiting intervened in the action, claiming that he was the owner of the cattle, and that he became such owner by purchase from defendant Watts, who gave to him (Whiting) all his right, title and interest to said property before the levy of the writ of attachment. There was a trial by jury. A verdict was returned for the intervenor Whiting, and a judgment was rendered thereon. Plaintiff appeals.

*Robinson & Milchrist,* for appellants.

*H. Aplington,* for appellee.

ROTHROCK, J.—I. This is the second appeal in this cause. In the former appeal a judgment in favor of the intervenor, was reversed because the court in its instructions to the jury. assumed that there had been a sale of the cattle by Watts to Whiting, a question which was disputed upon the trial. In

the present appeal a number of errors are assigned and argued, which alleged errors we will proceed to consider.

In order that the question presented may be the better understood, it is proper to state that in 1876 one Thomas H. Burrows entered into a written contract with one Shaw to receive from said Shaw twenty-three cattle on shares, said Burrows agreeing to care for and feed said cattle for the term of three years, and as compensation therefor he was to receive one-half of said cattle and one-half the increase at the end of the term. In 1877 Burrows assigned his interest in said agreement to Maurice Burrows, and on the 25th of October, 1877, said Shaw sold and assigned his interest in said cattle and agreement to the defendant Watts. The cattle were attached January 14, 1878. Whiting claimed that he purchased the interest of Watts in said cattle on the 9th of November, 1877. He attached to his petition of intervention a copy of the original contract, and the assignment to himself. The assignment was in these words: "For a valuable consideration I hereby assign, sell and transfer the foregoing instrument and assignment to Robert Whiting.

(Signed)        WALTER WATTS."

This contract and assignment were introduced in evidence. It is claimed by counsel for appellant that there was no such proof of the execution of the instruments as authorized their introduction in evidence. We think otherwise. So far as the original agreement is involved in this inquiry the plaintiff in its answer to the petition of intervention admits that Watts acquired his title as claimed in the petition. No proof of the execution of the written contract was, therefore, necessary. As to proof of the execution of the assignment to Whiting it appears to us it was sufficient. Whiting testified upon this point as follows: "I have seen this article of agreement before; Walter Watts executed a written assignment of it to me." We cannot determine from the record whether the original instrument and assignment were present, or merely a copy thereof. In the absence of an affirma-

tive showing that the witness was testifying as to a copy, we will presume that it was the original, and we think the proof of the signature, although somewhat indefinite, was sufficient. We determine this question as it is presented, without deciding whether any proof was necessary under section 2730 of the Code, the execution of the assignment not having been denied under oath.

II. It is claimed that it was error for the court to submit to the jury the question whether the alleged assignment of the written instrument constituted a valid sale, and it is said no other cause of action is set forth in the petition. It is true in the original petition the assignment is declared upon as carrying the cattle. But an amendment was filed in which it is stated in substance that at the time of the assignment Watts gave Whiting all his right, title and interest in the property. Now, taking the two pleadings together, they fairly mean that Watts sold the cattle to Whiting, and as evidence of the sale assigned the contract which had been made with Burrows. We think the court in its instructions properly took this view.

III. It is urged that parol evidence of a sale was not admissible, because the sale was based on the assignment in writing. As we have seen, the petition as amended averred a sale, and did not wholly rely upon the written assignment of the contract as the sale. It was competent for the intervenor to prove the amount paid, etc., by parol, and we think the objections to the evidence were not well taken.

IV. The plaintiff offered in evidence the transcript of the short-hand reporter's notes of a case entitled *J. I. Case & Co. v. Wm. Barker et al.*, tried at the November 1. EVIDENCE: impeachment of witness: reporter's transcript. term, 1878, of said court. The object of introducing the transcript was to show that Whiting had testified upon that trial to a different state of facts from his testimony in the case at bar in relation to the time he gave notice to Burrows of his purchase. Upon appellee's objection this evidence was excluded. This ruling of the

court is assigned as error.    We think the ruling was correct, for several reasons:    *First*, it does not appear that the evidence was given in a trial of this case; *Second*, it was not shown that the transcript was made of record in the case; *Third*, it does not appear that the cattle are the same cattle about which the witness testified at the former trial.    It is true the reporter testified that he intended the transcript to be a correct report of the evidence, but we think to authorize its introduction as impeaching evidence it should have been more clearly identified, or rather that the evidence should have been identified as testimony to the same fact.    We do not determine whether with proper identification the testimony of a witness upon a former trial taken by a short-hand reporter, and which has been properly made part of the record, can be introduced as impeaching evidence.    In *Boyd v. First National Bank of Oskaloosa*, 25 Iowa, 255, it was held that a bill of exceptions taken upon a former trial could not be used for such purpose, and as bearing upon the question see *State v. Maloy*, 44 Id., 104, where it is held that the original notes of the evidence should have been produced.

· V.    It is next urged that the court erred in its instructions to the jury by assuming that there was an assignment of the written agreement to Whiting, and that there was a sale of the cattle to him.    The court stated to the jury that it appeared from the pleadings and the written agreement introduced in evidence that an assignment was made to Whiting.    Now, if the agreement and assignment were properly introduced in evidence, as we have held, the plaintiff was not prejudiced, because the fact that the assignment was executed is not disputed by any evidence.    It is said the court assumed that there was a sale.    In the third paragraph of the instructions the jury were told that the first question for them to determine was whether there was a sale of the cattle in question from Watts to Whiting, and that if there was no sale they should find for the plaintiff.    What was

afterward said as to a sale could not well have been under-- stood by the jury as contradictory to the third instruction.

VI. At the time of the alleged sale Whiting was a resi- dent of Delaware county. The cattle were not in the posses-

*2. SALE: change of possession: code, section 1923.*

sion of Watts, but were in the possession of Burrows under the contract to feed and care for them upon shares. There is a conflict in the evidence as to whether Whiting gave Burrows notice of his purchase before the levy of the attachment. The court instructed the jury that if he did not give such notice until after the attachment was levied, such omission to give notice was a badge of fraud. The plaintiff requested the court to instruct the jury that if Burrows had no notice of the alleged sale until after the levy of the attachment, then the sale was void and of no effect as to the plaintiff. The instruction was refused, and such refusal is assigned as error. Section 1923 of the Code is as follows: "No sale or mortgage of personal property, where the vendor or mortgagor retains actual pos- session thereof, is valid against existing creditors or subse- quent purchasers without notice, unless a written instrument conveying the same is executed, acknowledged like convey- ances of real estate, and filed for record with the recorder of the county where the holder of the property resides."

This section is identical with section 2201 of the Revision of 1860. In *Thomas v. Hillhouse,* 17 Iowa, 67, it was held that this section of the statute had no application where per- sonal property at the time of the sale was in the possession of a lessee, and that a sale without a delivery of possession was valid. It is said in that case that "the object and pur- pose of the statute was to prevent persons from acquiring or retaining credit by reason of the possession of personal prop- erty, which possession in the eye of the law is evidence of ownership, and to protect purchasers thereof from the fraud which might otherwise be practiced upon them by persons in possession of such property, and thus the ostensible owners of it." That case, at least inferentially, determined that no

notice of the sale was necessary to any one because the vendor did not "retain the actual possession." That case was followed in *Sansee v. Wilson*, 17 Id., 582. In the latter case there was no notice of the sale given to the third party, who was in possession of the property, and the court held the sale valid as against an execution creditor, following *Thomas v. Hillhouse, supra*.

In the case at bar Watts neither had possession nor the right of possession. He delivered the contract and made an assignment of it to Whiting, which was all the possession he could give. We think the statute under consideration was not applicable, and that the sale, if made in good faith, was valid. To adopt any other rule would involve the overruling of the cases above cited, which we are not prepared to do, whatever the rule may be in other jurisdictions.

VII. There are other assignments of error. They involve the sufficiency of the evidence to sustain the verdict. While some of us would have been better satisfied if the verdict had been otherwise, yet we cannot say that it is so manifestly without support as to demand our interference.

AFFIRMED.