CAMPBELL v. HAMILTON.

1. **Sale:** OF PERSONAL PROPERTY IN POSSESSION OF THIRD PERSON: VALIDITY OF AS AGAINST CREDITORS. A sale of personal property, which, at the time of the sale, is in the actual possession of a third person, is valid as against the creditors of the vendor, without any change of possession, and without notice actual or constructive of such sale. Section 1923 of the Code has no application to such case. The rule applied in this case to cattle in the possession of a third party as herder. See cases cited in opinion, followed and distinguished.

*Appeal from Carrol District Court.*

WEDNESDAY, APRIL 23.

THIS is an action of replevin for certain cattle. The plaintiff claims to be the absolute owner of the property. The defendant is sheriff of Carroll county, and claims that he is entitled to the possession of the cattle by virtue of an attachment at the suit of one Minchen against G. W. Campbell. There was a trial by jury. The court instructed the jury to return a verdict for the defendant, upon which a judgment was rendered, and plaintiff appeals.

*E. M. Betzer* and *M. W. Beach*, for appellant.

*Geo. W. Paine*, for appellee.

ROTHROCK, CH. J.—It appears from the evidence that G. W. Campbell was the owner of the cattle in controversy. In the spring of 1882, one Jordan made up a herd of cattle composed of those belonging to different owners, and put them in charge of a boy to graze upon the open prairie. G. W. Campbell put the cattle in question into the herd about the first of June. In September the plaintiff went to the house of G. W. Campbell, and they went out on the prairie to the herd, and an oral contract was made by which the cattle were sold to the plaintiff, and the plaintff was to take them from the herd. The boy in charge was advised of the sale, and

that he should let the plaintiff have them if he came for them. A few days afterwards the plaintiff paid G. W. Campbell the full contract price for the cattle. Jordan, the proprietor of the herd, was not advised of the sale.

After the cattle were paid for, and while they were still in the herd, the defendant levied the attachment upon them. It was claimed by the appellee in the court below, and the court held, that the sale was invalid, under section 1923 of the Code, which is as follows:

"No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides."

It has been held by this court that this section of the statute has no application to a case where personal property sold is not at the time of the sale in the actual possession of the vendor, but in that of a third person, who retains it after the sale. *Thomas v. Hillhouse*, 17 Iowa, 67; *Sansee v. Wilson*, Id., 582; *Case & Co. v. Burrows*, 54 Id., 679.

These cases hold that, where the property at the time of the sale is in the actual possession of a third person, as a lessee or the like, a sale without notice and without a change of possession is valid. And it is wholly immaterial in such case whether or not the owner has the right to immediate possession.

The cases cited by counsel for appellee are not in point. They do not involve the question as to the validity of sales where the seller is not in the actual possession of the property.

In the case of *Sutton v. Ballou*, 46 Iowa, 517, the cattle in controversy were not in the possession of a third person at the time of the foreclosure. They were upon the open prairie, and cared for and herded by the children of the seller. Before and at the time of the sale, those purchased were separated

from the others in the herd, and the purchaser hired the seller's boy, through his father, to herd them. After that they remained with the other cattle of the seller, and were herded in a "bunch" together. These facts did not show possession in the third person at the time of the sale. In the case at bar, the owner of the cattle let them out to a third person to herd and care for during the grazing season, and they were in the actual control and possession of the employe of the herder when the sale was made.

Some point is made in argument upon the testimony of Jordan, the herder, to the effect that G. W. Campbell stated to him the Saturday before the attachment was levied that he had been out to the herd on that day to take the cattle away, and, finding them doing well, he was going to leave them longer. All that can be claimed from this testimony is that it serves to impeach the testimony of Campbell as to his having sold his cattle to his brother, and that was a question for the jury.

In our opinion the cause should have been submitted to the jury upon the evidence.

REVERSED.