FRANKEL FRANK & COMPANY v. AUGUST LEVI & COMPANY *et al.,* Appellants.

**Statute of Frauds:** "POSSESSION" DEFINED. A milliner having left her store in possession of her landlord, without resuming possession, sold the stock to a creditor in part payment of her debt. *Held,* in an action by the purchaser against an attaching creditor of the seller, that at the time of the sale she was not in possession within Code 1873, section 1923, invalidating a sale of personalty

where the vendor retains possession, as against creditors, unless the conveyance is in writing, duly recorded, etc.

Evidence of agency. What the seller said to her landlord when she gave him possession was competent, as tending to show the character and extent of the landlord's agency.

Of sale. Testimony relating to the transaction between plaintiff and the seller was competent to prove the sale.

Striking Additional Abstract. That an additional abstract is not filed in time, under supreme court rule 22, is no reason for striking it from the files, when the submission of the cause was not thereby delayed.

*Appeal from Louisa District Court.*—Hon. W. S. Withrow, Judge.

Saturday, January 20, 1900.

Action to recover for conversion of a stock of millinery goods. From a judgment in plaintiffs' favor, defendants appeal.—*Affirmed.*

*Kelley & Cooper* and *Courts & Curran* for appellants.

*A. Hollingsworth* and *H. O. Weaver* for appellees.

Waterman, J.—Plaintiffs and the defendant firm of Levi & Co. are wholesale dealers in millinery goods. The former were located at Keokuk, and the latter at Burlington, in this state. Prior to August 7, 1897, one Stella McClellan was engaged in the retail millinery business at Morning Sun. She was indebted to each of said firms. Having made, as she believed, arrangements for selling her business to a Mrs. Daniels, Miss McClellan left Morning Sun on the date last given, leaving the key of her store with her landlord, Mr. Morrison, for delivery to Mrs. Daniels when the latter should appear to consummate the sale. Mrs. Daniels never appeared. For some reason the sale to her fell through. After learning that this sale was not to be carried out, Miss McClellan went to Keokuk, and sold her stock to plaintiff firm in part payment of her

indebtedness. This was done between August 17th and 21st. Plaintiff never took possession. About September 16th Levi & Co. brought suit on their account against Miss McClellan, and in aid of the action sued out a writ of attachment, which was levied on this stock of goods. After the levy, plaintiffs served notice of their ownership on the sheriff, and this action is brought to recover the value of the goods.

Section 1923, Code 1873, is as follows: "No sale or mortgage of personal property where the vendor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same, is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides." We have held that this section does not apply where the property at the time of the sale or mortgage is not in the possession of the vendor or mortgagor. *Barrows v. Harrison*, 12 Iowa, 588; *Case v. Burrows*, 54 Iowa, 679; *Thomas v. Hillhouse*, 17 Iowa, 67; *Campbell v. Hamilton*, 63 Iowa, 293. It is the contention of plaintiffs that their vendor was not in possession of the property at the time of the sale to them. If the delivery of the key to Morrison devested Miss McClellan of possession, this position is sound. When Miss McClellan delivered the key to Morrison, she told him that she was not coming back; that she expected the purchaser to appear in a short time; and she imposed upon Morrison the duty of putting such purchaser in possession. The giving of the key to Morrison was a symbolic delivery of the property, and operated to put him in possession of the goods. Benjamin Sales, section 696. The case of *McKay v. Clapp*, 47 Iowa, 418, which is principally relied upon by appellants, differs from the one we have here in the very essential feature that the agent there who undertook to make delivery did not take possession of the property. The other cases cited by appellants are

also distinguishable, in this: that in each of them the person who had the custody of the property was a mere servant of the vendor, and had no authority over or control of it. *King v. Wallace,* 78 Iowa, 221, is in principle quite like the case we have here, and we there announced the rule as follows: "The mortgagor is in actual possession when he retains the property under his immediate personal supervision and control, though he employ others to aid in that control; but when the property is intrusted to the custody and control of another, without the immediate personal supervision of the mortgagor, then the actual possession is in that other, and not in the mortgagor." We think the possession of this property was in Morrison both at the time of the sale to plaintiffs and also when the writ of attachment was levied. The evidence as to what was said by Miss McClellan at the time she gave the key to Morrison was properly admitted, as it tended to show the character and extent of Morrison's agency. So, too, we may say, the objection to the testimony relating to the transaction between Miss McClellan and plaintiffs was properly overruled. Plaintiffs certainly had the right to show the sale of them.

II. There was a claim that defendants had actual notice of plaintiff's title prior to the levy of the writ. In giving the case to the jury the court submitted this issue, to be passed upon in the event they found that Miss McClellan was in actual possession of the goods at the time of the sale. We do not know upon what theory the jury reached a verdict. But inasmuch as, under the undisputed testimony, the court might have well instructed, as matter of law, that Morrison was in possession at the time of the sale to plaintiffs, we do not feel called upon to pass on the question whether the evidence is sufficient to sustain the claim of notice. The instructions were correct, and no substantial error appears in the rulings on evidence.

III.   The motion to strike the additional abstract of appellees from the files is founded upon the claim that it was not filed in time, under rule 22 of this court.   This is not a sufficient reason for striking it from the record, when the submission of the cause has not thereby been delayed.   *City of Ft. Madison v. Moore,* 109 Iowa, 476, and cases cited.   The affidavits exhibited in the amended abstract we do not consider.   They are intended to meet certain affidavits on the part of appellants setting up additional evidence.   The motion for a new trial contained no · ground of newly-discovered evidence.   We perceive no reason why the trial court should have given consideration to any of the affidavits.—Affirmed.

Granger, C. J., not sitting.