### In re KINDT.

(District Court, S. D. Iowa, E. D. May 1, 1900.)

**1. BANKRUPTCY—PREFERENCES—SALE OF PROPERTY.**

The title of one who purchases property from an embarrassed debtor cannot be impeached by the latter's trustee in bankruptcy, subsequently appointed, on the ground that the purchase was made for the purpose of enabling the debtor to pay some of his creditors in preference to others, in fraud of the bankruptcy law, the proceeds having been so used, when the sale and the payments to creditors occurred more than four months before the filing of the petition in bankruptcy.

**2. SAME—FRAUDULENT CONVEYANCES.**

One of two partners, for an adequate consideration in cash, purchased from the other the latter's interest in certain property which had been bought with receipts of the business, and was used in connection therewith, and a release from the contract of partnership. The vendor remained in the active conduct of the business, but on a salary, and retained the possession and use of the property, no bill of sale being recorded nor other notice given of the change of title. More than four months thereafter the vendor was adjudged bankrupt. *Held*, that the purchaser's title was good as against the trustee in bankruptcy, and he was entitled to recover possession of the property.

In Bankruptcy. On review of decision of referee in bankruptcy with respect to claim of F. W. Chamberlain, intervener.

Ely & Bush, for intervener.

Isaac Petersberger, for trustee in bankruptcy.

SHIRAS, District Judge. The property in dispute in this matter consists of a piano and other stage property used in connection with the theater in Davenport, Iowa, and also some 500 feet of billboards used for advertising purposes. The intervener, F. W. Chamberlain, is the lessee of the theater building, and he made an arrangement with the bankrupt, Charles T. Kindt, by which the latter had charge of the management of the theater in question, the business being conducted in the name of Chamberlain, Kindt & Co.; Kindt being paid 50 per cent. of the net profits realized from running the theater, as compensation for his services. The piano and other property now in dispute were purchased from the gross receipts of the business, and were used in connection therewith. In March, 1899, Kindt was being pressed by creditors for payment of debts due them from him; and thereupon Chamberlain bought his interest in the property, and a release from the existing contract, for the sum of $1,000, which amount Kindt used in paying off his more pressing debts; it being also agreed between the parties that Kindt was to continue the actual management of the business at Davenport at a salary of $75 per month. There was no visible change made in the business in question, it continuing in the name of Chamberlain, Kindt & Co., nor was any bill of sale or other evidence of the purchase made by Chamberlain put upon record. On the 12th of December, 1899, Kindt filed his petition in bankruptcy, and in due season a trustee was appointed, who took possession of the piano and other property purchased in the March preceding by Chamberlain; and thereupon the latter intervened in the proceedings before the referee, and asked that the trustee be directed to deliver up the property to him. Upon the hearing the referee held that the trustee was entitled to hold the property, and dismissed the petition of intervener, placing this ruling upon two grounds, to wit: That no bill of sale or evidence of change of title was placed on record, the possession of the property remaining unchanged; and, second, that the intervener cannot be held to be a bona fide purchaser of the property, because the effect of the sale to him was to enable the bankrupt to effect a preference of certain creditors over others.

In the second of these conclusions, the view seems to be that the intervener could not assert a right and title to the property by him purchased from Kindt, because the purpose and effect of the sale were to enable Kindt to effect a preference of certain creditors over others, in fraud of the bankrupt act. The evidence shows that the purchase was made by the intervener, and the money by him furnished to Kindt was paid by the latter to his creditors, fully nine months before Kindt filed his petition in bankruptcy; and therefore the payments made to the creditors cannot be recovered back from them, because the petition in bankruptcy was not filed within four months after the payments were made. If Kindt had transferred the property directly to the creditors in payment of their claims, the trustee could not now recover back the property from them, owing to the lapse of time, and

it would be a curious anomaly to hold that the intervener who bought and paid for the property has not a title thereto, simply because the money realized therefrom was used in making payments to creditors, which payments cannot be invalidated on the theory that they amounted to preferences. There is nothing in the evidence from which it can be rightfully inferred that, in making the purchase of the property, it was expected that Kindt would become a bankrupt.

The preferences upon which reliance is placed were created by the payment of the $1,000 received by Kindt to certain of his creditors, and, as the lapse of time has placed these payments beyond attack by the trustee on the ground that they were preferences, it must be equally true that it is not open to the trustee to question the title to the property bought by the intervener, on the theory that the intervener aided in making these preferential payments. It is not claimed that the intervener did not pay full value for the property, and therefore there is no ground for holding that the sale to the intervener was invalid, unless it be upon the theory that the property was left in possession of the bankrupt without recording a bill of sale, or otherwise giving notice of the change of title. The evidence shows beyond question that the property never was the sole property of the bankrupt. He acquired an interest therein by reason of his association in business with the intervener under the name of Chamberlain, Kindt & Co. Even if it should be true that, against the creditors of Kindt, the sale of Kindt's interest is invalid, that would not transfer the property into the individual ownership of Kindt.

So far as the control of this property is concerned, it must be held, if it is not the individual property of intervener, then it was the partnership property of Chamberlain, Kindt & Co., and therefore it could not pass into the possession of the trustee of Kindt except by consent of Chamberlain; it being expressly declared, in section 5 of the bankrupt act, that, in the event of one or more, but not all, the partners being adjudged to be bankrupt, the partnership property shall not be administered in bankruptcy. Neither does it seem to be a case for the application of the rule requiring a record of a bill of sale or other evidence of change of title, in cases wherein the possession of the property is left in the hands of the vendor. If Chamberlain, Kindt & Co. had sold the property to a third party, retaining possession, then the provisions of section 2906 of the Code of Iowa might be invoked for the protection of the creditors of Chamberlain, Kindt & Co.; but I see no ground for holding that the creditors of Charles T. Kindt are entitled to the possession of the property, under the facts of this case. As already stated, the piano and other property were used in the theater building of which the intervener was the lessee, and the management of the business was under the name of Chamberlain, Kindt & Co. The property never was in the individual possession of Kindt, in such sense that third parties would be justified in dealing with him on the assumption that he was the owner of this property, and the case comes within the rule laid down by the supreme court of Iowa in Thomas v. Hillhouse, 17 Iowa, 67, Case v. Burrows, 54 Iowa, 679, 7 N. W. 130, and Campbell v. Hamilton, 63 Iowa, 293, 19 N. W. 220, wherein it is held that the statute does not

require the recording of a bill of sale if the property is in possession of a third party. These cases recognized the rule to be that a change of possession, or the recording of a bill of sale in lieu thereof, is only necessary in cases wherein the absence thereof would justify third parties in assuming that the property actually belonged to the vendor. The situation of the property in this case was not such, at any time, as to justify third parties in assuming that it belonged to the bankrupt, but the situation was such as to charge third parties with notice of the fact that the intervener had an interest therein, and there is nothing shown in the evidence that justifies the finding that any person dealt with Kindt on the assumption that he was the owner of the property. The ruling of the referee is therefore reversed, and the record is returned to the referee, with instructions to enter an order directing the trustee to deliver up possession of the property to the intervener.