J. M. YOUNG, Plaintiff, AND J. C. YOUNG, Intervener, Appellants, v. MARTIN EVANS, Sheriff.

Action in Replevin: SALE OF GOODS: WHERE INVALID AGAINST EXECUTION CREDITOR: A sale of goods without change of possession or instrument of record conveying the same, is ineffectual as against a valid execution levied upon the property where the execution creditor has no notice of the sale.

Change of Possession: The storage of goods by the owner in rooms rented from another does not constitute a change of possession where there is no actual delivery to the other.

Possession of Goods: RIGHTS OF VENDOR AND PURCHASER. Where a sale of goods is invalid as to creditors because there is neither notice, change of possession, nor recorded conveyance, the vendor cannot claim the right to possession as against an execution creditor through an agreement with the purchaser that the vendor is to have possession for life.

Goods Held Under Execution: REPLEVIN OF. The owner of goods
 4   cannot replevy them from the sheriff holding them under exe-
     cution without establishing the fact that such goods are ex-
     empt from such levy.

*Appeal from Linn District Court.*—Hon. H. M. REMLEY,
Judge.

SATURDAY, OCTOBER 25, 1902.

REPLEVIN to recover possession of personal property, consisting of household goods, levied on by defendant, as sheriff, under an execution against plaintiff. J. C. Young intervenes, claiming right to possession as owner of the property by virtue of a purchase from plaintiff antedating the levy. Jury waived. Judgment for defendant against plaintiff and the surety on the replevin bond. Plaintiff and intervener appeal.—*Affirmed.*

*Giffen & Voris* for appellants.

*L. M. Kratz* for appellee.

McCLAIN, J.—The goods in controversy were levied on by defendant at Marion, being found stored in two rooms in the house of one Mrs. Phelps. There was evidence which would justify the finding by the trial judge that the goods belonged to the plaintiff, Mrs. J. M. Young; that she shipped them from Minneapolis, where she resided, to Marion, where she caused them to be placed by her agent in rooms rented from Mrs. Phelps, the goods being still unpacked and marked with plaintiff's name; that thereafter she sold the goods to her son, J. C. Young, the intervener in this action, for a valuable consideration, consisting of the satisfaction of an indebtedness owing by her to him; that no written instrument evidencing this sale was ever acknowledged or recorded, and that there was no change of possession under such sale; that subsequently, without notice of any right or claim of intervener to the property, it was levied on and taken possession of by

defendant under a valid execution against the plaintiff; that some form of written notice of claim of ownership was served on defendant in behalf of plaintiff, and also in behalf of intervener, and an indemnifying bond was taken by the defendant.

From these facts, which the court might reasonably find to be established by the evidence, it would follow that

1. SALE of goods: invalid against execution creditor. intervener's claim to the property as purchaser prior to the levy was not valid as against such levy, no instrument evidencing the same having been recorded (Code, section 2906; *Bacon v. Thompson*, 60 Iowa, 284), unless recording was unnecessary by reason of the property at the time of the sale having been in the possession of some person other than the plaintiff. *Case v. Burrows*, 54 Iowa, 679; *Campbell v. Hamilton*, 63 Iowa, 293; *Thomas v. Hillhouse*, 17 Iowa, 67. And the question, therefore, is whether, by renting two rooms from Mrs. Phelps, and having the goods placed therein, plaintiff put

2. CHANGE of possession. the goods out of her own possession and control, and into the custody and possession of Mrs. Phelps. There was, however, as we think, no actual delivery of the goods into the possession of Mrs. Phelps, for there is no evidence that she ever took or asserted any control over them. There was no symbolical delivery, as in *Frank v. Levi*, 110 Iowa 267. It does not appear that Mrs. Phelps was carrying on the business of storing goods for hire, or that she undertook to store and keep these goods for the plaintiff, nor that she in any way became the bailee of the goods, or acquired any lien thereon based upon possession. If she had any lien for her rent, it was not by virtue of possession, but as landlord; and it will not be claimed that a landlord, by virtue of the lien for rent which he has on his tenant's goods brought upon the premises, can be said to be in possession and control of such goods. In such a case the goods are certainly in the possession of the tenant, and not of the landlord. The trial

court may therefore well have thought that the goods were at the time of the sale to intervener in the possession of plaintiff, and that they were still in plaintiff's possession when levied on by defendant. Therefore, as against defendant levying on the goods as the property of plaintiff without notice, by record or otherwise, of intervener's claim, the sale to him was of no validity.

The contention for plaintiff is that she was entitled to the possession of the goods by provision in the sale to intervener, giving her the right of possession for her life-

3. POSSESSION of goods: rights of vendor and purchaser. time. But as intervener's claim was invalid as against defendant's levy, plaintiff's claim under the sale to intervener was equally invalid. She must be treated in this action as the owner of the goods at the time of the levy, notwithstanding such sale. As such owner, she could not replevy them from defendant, holding under execution against her, without

4. GOODS held under execution: replevin of. setting up and establishing some facts showing the goods to be exempt from such levy. Code, section 4163; *Armel v. Lendrum*, 47 Iowa, 535. Although a claim was made by plaintiff that the goods were exempt from execution, such claim was abandoned on the trial, as it appeared without controversy that plaintiff was not a resident of the state at the time the levy was made. Under this view of the case, which the lower court was justified in taking, it was wholly immaterial whether or not plaintiff served a proper and sufficient written notice of ownership on the sheriff, as required by Code, section 3991, before bringing her action; and there was no error, therefore, to the prejudice of plaintiff, in refusing to allow such notice to be introduced in evidence. As defendant was entitled to the possession of the goods under his levy, he was properly given judgment against the plaintiff and surety on her replevin bond for the amount of the judgment under which the levy was made, which it is conceded was less than the value of the goods.—AFFIRMED.