LE GRAND QUARRY CO. v. REICHARD ET AL.

1. **Evidence:** WHEN NOT PREJUDICIAL. Error cannot be predicated upon the admission of evidence which is without prejudice to the party objecting.

2. ——: AGENCY. To charge a principal with the acts of an alleged agent, evidence is admissible to show that the agent understood he was acting in that capacity, with the knowledge of the principal.

3. **Contract:** CONSTRUCTION OF: EVIDENCE. A contract for the delivery of stone stipulated that it should be delivered within a reasonable time. The purchaser subsequently asked that a time certain for delivery should be inserted in the contract, which the contractor refused to permit. *Held*, that evidence of the request by the obligee was not competent to show that he understood a reasonable time for delivery to be the date which he asked to have inserted.

4. **Evidence:** OBJECTIONS TO THE ADMISSION OF. Evidence cannot be first assailed by exceptions to instructions. Objection should be made, if at all, when the evidence is offered.

5. **Contract:** CONSIDERATION. Where the parties to a written contract make a parol agreement to modify the same, the consideration for the agreement is the consideration of the original contract.

*Appeal from Poweshiek Circuit Court*

TUESDAY, DECEMBER 22.

ACTION by plaintiff as a sub-contractor to foreclose a mechanic's lien against Reichard and Woodruff & Son, contractors, and the Trustees of Iowa College as the owners of the structure erected. The plaintiff claims a balance of $2137.18 due upon an account for stone delivered for the building under a written agreement with the contractors. There was a verdict and judgment for $312 in favor of plaintiff, from which it appeals. The facts of the case appear in the opinion.

*Henderson & Merriman,* for appellant.

*Seevers & Cutts,* and *Stone & Ayers,* for appellees.

BECK, J.—The objections urged by appellant, for convenience in their consideration, will be discussed in the order followed in the briefs of counsel.

I. The defendant Reichard, who signed the written contract executed by plaintiff for the delivery of the stone, was

1. EVIDENCE: when not prejudicial.

permitted to testify, against plaintiff's objection, in response to a question by defendant's counsel, that at the time the contract was entered into, he informed the agent or officer of plaintiff, who, for it, signed the contract, that the stone which plaintiff undertook to deliver was wanted for Grinnell College, the building against which the lien is sought to be enforced. In view of the fact that the written contract itself rehearses that the stone was to be used for the very purpose stated in the evidence, we do not think it was objectionable. Certainly it was not prejudicial to plaintiff, for the fact proved by the testimony of the witness, namely, that the plaintiff was informed of the intended use of the stone, is clearly established by the contract.

II. The same witness was permitted, against like objections, to testify to certain statements and declarations made by one Phelps, claimed by defendants to be an agent of plaintiff. It was insisted by plaintiff, and the objection is renewed in this court, that no evidence was offered to show the agency of Phelps. We think there was evidence tending to establish the agency. Under an instruction the question of fact upon this point was submitted to the jury, and they were directed, unless they found that Phelps was the agent of plaintiff, that his declarations should be disregarded. In these rulings there is no error.

III. This witness, upon his cross-examination, was asked if the price of the cut stone contemplated in the contract was not based upon an estimate made by one Stinebeck, prior to the execution of the contract. An objection to the evidence was sustained. Without determining the correctness of the ruling, we are of the opinion that plaintiff was not prejudiced thereby. The contract itself shows that the price was based upon Stinebeck's estimate. If the fact, without more, was pertinent, which, however, we fail to see, it was thus made sufficiently to appear.

We do not find that the court, either in this or any other ruling, forbid the plaintiff showing what items, and the price thereof, were included in this estimate.

IV. During the progress of the trial a witness in testifying, among other matters, to efforts made by defendant to induce plaintiff to deliver the stone promptly, made the following statement, which counsel insist is incompetent: "My best recollection is, that Reichard got Phelps, as agent of the quarry company, to go over and hurry up the stone. Phelps told me he was agent, and Stinebeck also told me so. Stinebeck authorized him to sell some small stone and to account for them as agent." It is first objected that this evidence, in the first sentence, states a conclusion, namely, that Phelps was agent. But it is simply a statement of the capacity in which Phelps acted, that is, as the agent of plaintiff. As Stinebeck was the principal managing agent of plaintiff in performing the contract, the delivery of the stone, to whom Phelps was to go on his errand, the evidence is admissible to show that he understood the existence of this agency, and Phelps' declarations as to his agency are also admissible to show that he, too, understood the capacity in which he acted. We do not understand from the evidence itself and from the contract in this record, that it was intended to establish Phelps' agency. The last sentence of the evidence quoted was admissible on the same ground. We conclude that the evidence was not erroneously admitted.

V. The defendant, Woodruff, who testified as a witness, was asked, upon the cross-examination, if the agent of plaintiff did not refuse to change the contract so as to require the stone to be delivered in time for the completion of the building by the first of November. The court, upon defendants' objection, held that the evidence sought was immaterial, and therefore incompetent. The defendants claim that under the contract, the plaintiff being bound to deliver the stone within a reasonable time, its performance should have been completed by the time indicated · in the question. It is now claimed by plaintiff's counsel that the evidence was material in order to show the interpretation

*2. ——: agency.*

*3. CONTRACT: construction of: evidence.*

put upon the contract by the parties at the time was contrary
to the claim of defendants. The parties may well have under-
stood that the contract should be performed within a reason-
able time, yet the fact that defendants desired to have it
expressly stipulated that performance should be completed at
the time named, by no means tends to establish the conclusion
that they understood such reasonable time did not expire as
they claim. The act of defendants, in requesting the change,
is quite as consistent with their theory as with plaintiff's, if,
indeed, not more so. It is more reasonable to suppose
defendants requested a modification of the contract, to accord
with the original understanding, than to conflict with it. The
evidence was therefore immaterial so far as the act of defend-
ants, in demanding the change, is concerned. Declarations of
plaintiff's agent, as to his understanding, if sought for by the
question, were inadmissible, if for no other reason, on the
ground that no foundation had been laid for such evidence in
the direct examination—no evidence on that point had been
elicited.

VI. A witness, who testified in the case, upon cross-exam-
ination, was asked as to the loss of time by hands employed
by defendants on account of delay in delivering stone. The
court ruled the question improper, because the witness had
given no testimony in regard to the loss of time. We think
the ruling correct, and is justified by the record of the witness'
testimony.

VII. The contract of plaintiff bound it to deliver certain
cut stone according to plans and specifications furnished by an
4. EVIDENCE: architect. The court instructed the jury that "the
objection to
admission of. contract thus referring to the plans and specifica-
tions," they "became a part of the contract; and as such plans
seem to have been lost, you will have to determine what this
portion of the contract was by the testimony of the witnesses
who have sworn in reference to the contents." This instruc-
tion is objected to on the ground that it is not warranted by
the evidence. A photograph of a drawing of the elevation of
the building, as shown in the plans, was introduced in evi-
dence, and a witness, or witnesses, testified that it showed the

Le Grand Quarry Co. v. Reichard.

place of certain cut stone. Counsel for plaintiff claim that this is the only evidence of the contents of the plans, and it does not show what is claimed for it, namely, that certain cut stone was to be used. There was other evidence as to the contents of the plans. The instruction was well based thereon. If the photograph and the evidence of witnesses concerning it were not admissible, objection should have been urged thereto at the proper time and in the proper manner; it cannot be made under cover of an assault upon the instructions referred to above.

VIII. The defendants claim that the plaintiff, by a new contract, agreed to deliver the stone at such times as would

5. CONTRACT: consideration. enable them to finish the building by the first day of November. Certain instructions submitted to the jury to determine whether such new contract was entered into, and whether it was based upon sufficient consideration. One of these was to the effect that if defendants had concluded to abandon the work on account of the failure of plaintiff to deliver stone with sufficient promptness to enable them to prosecute the work so as to finish it in the time stipulated for its completion, and the agent of plaintiff persuaded them to go on with the work, and promised to furnish stone at such times as they required; and the defendants did, upon this undertaking, renew the work; such promise of plaintiff was founded upon a sufficient consideration. It is insisted that these instructions are not based upon sufficient testimony. We think differently. There was certainly sufficient evidence to authorize the court to put the question of the existence of such a contract and its consideration to the jury. The correctness of the instruction last referred to is questioned. We think it correct. The contract referred to was but a modification of the first one made, and its consideration is the consideration of the original agreement. The agreement of defendants to continue receiving and using the stone, and their obligation to pay for them under the first contract, was a sufficient consideration to support the modification thereof made by the last agreement.

IX. An instruction as to defendants' right to recover on

account of loss of time of the mechanics employed by him, through the delay of plaintiff in furnishing the stone, is objected to, not because it is incorrect, but on the ground that there was no evidence to which it was applicable. We think the instruction correct in principle and called for by the testimony. It demands no further notice.

. X. It is lastly insisted that the verdict is contrary to the evidence, especially as it claimed a settlement was shown in which the parties mutually agreed as to the state of their accounts. But all that need or can be said on this point is, that it was a case of conflict of evidence, and we cannot conclude that the jury failed honestly and intelligently to weigh the evidence, and render a verdict in accord with their unbiased convictions. We cannot disturb it.

One or more objections are made in the brief of counsel for plaintiff, which we have not mentioned. They are but barely stated, and do not seem to be relied upon; for this reason we do not notice them. Indeed, we are not sure, that for the same reason we ought to have discussed, even as briefly as we have, several of the objections noticed above.

AFFIRMED.