CRUVER v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO

1. **Pleading:** CAUSE OF ACTION NOT STATED IN ONE COUNT: OBJECTION WAIVED. When a petition contains more than one cause of action, each must be stated in a count or division by itself, and must be sufficient in itself; (Code, § 2646;) but when this rule is violated, the defendant must make his objection in the court below, and, if he fails to do so and goes to trial, he thereby waives the objection.

2. **Practice in Supreme Court:** ABSTRACT FILED TOO LATE: COSTS. Where an amended abstract is filed too late under the rules, it will not be stricken from the files, but no costs on account thereof will be taxed against the other party.

*Appeal from Floyd Circuit Court.*

WEDNESDAY, DECEMBER 12.

THIS is an action to recover damages for stock killed by defendant at a point where it had the right, but had failed, to fence. The petition contains five counts. The first count alleges that, on the twenty-sixth day of February, 1881, the defendant ran its train over, and killed, a three-year-old heifer, the property of the plaintiff, of the value of $25. The second count alleges that, on the twenty-seventh of June, 1881, the defendant ran its train of cars over a three-year-old colt, the property of the plaintiff, and injured it to the extent of $60. The third count claims the sum of $10 for caring for, doctoring and furnishing medicines for the colt referred to in the second count. The fourth count alleges that, on the fifteenth day of June, 1881, the defendant ran over and killed two heifers and three steers, the property of plaintiff, of the aggregate value of $106, and injured one steer to the

extent of $5. This count alleges that the amount of all the injury and damage was the sum of $206. The fifth count alleges that, on the thirtieth day of August, 1881, the plaintiff caused to be served upon the defendant a notice and affidavit in writing of the amount of said injury, and that defendant had failed to pay the same within thirty days; wherefore plaintiff is entitled to double damages. Judgment is asked for $402. The defendant, for answer, alleges that the heifer referred to in the first count was not at the time of the killing running at large. For answer to all the rest of the plaintiff's claim, the defendant alleges that it was settled on the twenty-third of September, 1881, for the agreed sum of $141, which was offered and tendered to plaintiff, and which defendant has ever since been ready and willing to pay.

There was a jury trial, and a verdict for plaintiff for $426.12. The jury also found specially that there was due the plaintiff upon the first count the sum of $52. The defendant moved the court for a new trial. The court sustained the motion as to the second, third and fourth counts, and overruled it as to the first count, and entered judgment for plaintiff, upon the special finding, for $52 and costs. The defendant appeals.

*George E. Clark* and *Ellis & Ellis*, for appellant.

*Boulton & Boulton*, for appellee.

DAY, CH. J.—The defendant asked the court to instruct the jury as follows: "Under the allegations of count 1st of plaintiff's petition, the plaintiff could not recover double the value of the heifer referred to in the first count of plaintiff's petition, even though you should find that she was running at large at the time of the injury." The court refused to give this instruction. The defendant now insists that there can be no recovery of double damages upon the first count, because it does not allege the service of the affidavit and notice in writing, which is essential to a recovery of double

damages.    Section 2646 of the Code, subdivision 5, provides "When the petition contains more than one cause of action. each must be stated wholly in a count or division by itself, and must be sufficient in itself; but one prayer for judgment may include a sum based on all counts looking to a money remedy." It must be conceded that the first count of the petition does not contain the averments necessary for the recovery of double damages. See *The National Bank of Michigan v. Green*, 33 Iowa, 140. And yet other parts of the petition do contain the averments necessary to a recovery of double damages for the whole injury sustained, and it is clearly apparent from the whole petition that the plaintiff was seeking double damages for all the injury sustained. The case is not one where the petition does not state facts sufficient to constitute a cause of action, but where the facts are not stated in the formal manner which the Code and the rules of pleading require. The defect was apparent upon the face of the pleading. An objection apparent upon the face of of a pleading, which might have been raised by demurrer, will be waived by going to trial on the merits, and cannot be raised for the first time in an instruction. *Young v. Broadbent*, 23 Iowa, 539. Even an objection that the facts stated in the petition do not entitle the plaintiff to any relief whatever must be taken advantage of by motion in arrest of judgment, before judgment is entered. Code, § 2650. Although the motion for a new trial presents thirty-three grounds, no one of them refers to any defect in the petition. We are clearly of opinion that the objection now insisted upon has been waived.

II.    The defendant complains of certain instructions given upon the question of tender. As the court granted a new trial upon all the counts in which the tender was pleaded, the present appeal does not involve the correctness of these instructions.

III.    The appellant submitted with the case a motion to strike from the files appellee's amended abstract. The

amended abstract was not filed until long after the time pre-
scribed in the rules of this court. We will not for that
reason strike it from the files, but no costs will be taxed to
the appellant therefor.

AFFIRMED.

62  463
83  343

62  463
89  327

62  463
J104 539

62  463
117  390

62  463
121  349
d121 350