## FLEMING v. THE TOWN OF SHENANDOAH.

1. **Evidence:** ABSENT WITNESS: NOTES OF TESTIMONY ON FORMER TRIAL: NOTICE. Where a witness properly subpœnaed by plaintiff was out of the state at the time of the trial, without the consent or fault of plaintiff, and three or four days previous to the trial, and in term time, plaintiff learned that the witness would be so absent, and duly notified defendant that the transcript of the reporter's notes of his testimony on a former trial would be offered in evidence, *held* that such transcript was admissible, under § 3777 of the Code as amended, (see Miller's Code,) and that, if any notice was necessary in the case, that given was sufficient.

2. **Instructions:** STATEMENT OF ISSUES: FOLLOWING PLEADINGS. There can be no valid objection to a statement of the issues to the jury in the form in which they are made by the pleadings, even though an issue is thus presented on which, as a matter of law, there can be no recovery.

3. **Damages:** NEGLIGENCE: MENTAL PAIN: INSTRUCTION. In an action for an injury caused by a defective sidewalk, an instruction that plaintiff was entitled to recover "for pain and suffering undergone by her and occasioned by the injury," was not erroneous as authorizing the jury to allow her damages for mental pain.

4. ———: INJURY ON SIDEWALK: AMOUNT. It appearing that plaintiff, who was a woman forty-five years old, was so injured on defendant's defective sidewalk that she was disabled three or four months, and that her injuries are permanent, *held* that a verdict in her favor for $1,000 was not excessive.

*Appeal from Page District Court.*

WEDNESDAY, MARCH 16.

THIS is an action to recover damages for a personal injury which the plaintiff alleges she received by a fall upon a defective sidewalk upon one of the streets of the town of

Fleming v. The Town of Shenandoah.

Shenandoah, defendant. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*James McCabe,* for appellant.

*Stockton & Keenan,* for appellee.

ROTHROCK, J.—I. This is the second appeal by the defendant in this case. See 67 Iowa, 505. At the former trial one De Barron was a witness in behalf of the plaintiff. He was not present at the last trial. The plaintiff offered the reporter's notes of his testimony, taken upon the former trial, in evidence. Objection was made by the defendant, and the objection was overruled. It is claimed that this ruling was erroneous, because there was no sufficient showing that the plaintiff could not have secured the attendance of the witness, and the notice that it was intended to introduce the notes in evidence was insufficient. It is provided by section 3777 of Miller's Code that " said notes, or any transcript thereof duly certified by the reporter of said court, shall be admissible, in any case in which the same are material and competent to the issue therein, with the same force and effect as depositions, and subject to the same objections, so far as applicable." It appears that the witness was regularly subpœnaed as a witness to attend the trial, and that plaintiff's counsel learned that he was about to go beyond the state. An interview was sought with the witness, in which he expressed his determination to absent himself on important business, which he claimed must have his attention. Plaintiff's counsel did not consent to the absence, but insisted that the witness should attend the trial. Thereupon counsel for the plaintiff entered a notice on the notice book to the effect that the transcript of the testimony of the witness would be offered in evidence upon the trial. This notice was entered in term time, and some three or four days before the trial was commenced.

*(margin note: 1. EVIDENCE: absent witness: notes of testimony on former trial: notice.)*

We think that the showing made as to the absence of the witness was sufficient. It is not disputed that he was out of the state, and without the fault of the plaintiff or her counsel. And, in our opinion, if any notice is required that the transcript will be used as evidence, the notice given was sufficient. It is true, it is not a five days' notice, and it was given in term time, and it would not have been sufficient notice to have taken a deposition. But the rule with reference to notice for taking depositions has no application to the transcript. It is like a deposition which has been taken with both parties present, and the witness examined, cross-examined and re-examined. The ruling of the court was clearly correct.

II. Next, it is claimed that the court erred in its statement of the issues in the case in the instructions to the jury. 2. INSTRUC-TIONS : state-ment of is-sues : follow-ing pleading. The statement of the issues was a mere recital of the allegations of the pleadings. There was a clause in the petition in which plaintiff claims that she suffered " great mental and physical pain " by reason of the alleged injury. It is contended that damages for mental pain are not recoverable in an action grounded upon mere negligence. We think the defendant is precluded by the record in this case from making that question. The petition was not attacked by motion or otherwise. It was answered by a general denial. If the court had neglected to state all of the issues, there might be ground of complaint. But there can be no valid objection to a statement of the issues in the form presented by the parties. It is true that the 3. DAMAGES : negligence : mental pain : instruction. court, in directing the jury as to the elements of damages, stated that plaintiff was entitled to recover "for pain and suffering undergone by her and occasioned by the injury." This is not a direction to the jury to enter into an investigation of that metaphysical element of damages denominated "mental pain." It is a plain statement, having reference to physical pain and suffering.

III. The other errors assigned and argued have reference to alleged errors in the instructions as to the notice to the officers of the defendant that the sidewalk in question was out of repair, and the care requisite to be exercised by the plaintiff to avoid the injury. These instructions are in the usual form, and appear to us to be unobjectionable. It is also insisted that the verdict is not sustained by the evidence, which, it is claimed, shows contributory negligence on the part of the plaintiff. We cannot interfere with the verdict on this ground. We are satisfied that the jury were fully warranted in finding from the evidence that the plaintiff exercised the requisite care, and that the walk was defective, and that the officers of the defendant should have discovered the defects and repaired them before the plaintiff was injured.

IV. Lastly, it is claimed that the damages awarded by the jury are excessive. We cannot concur in this proposition. The verdict was $1,000. The plaintiff is

4. ———:
injury on
sidewalk:
amount.

a woman aged forty-five years. She was disabled by the injury for some three or four months, and the evidence tends to show that her injuries are permanent. It appears to us that the amount of the recovery is fully sustained by the evidence.

AFFIRMED.