## SPENCER & CO. v. MORAN.

1. **Chattel Mortgage:** GARNISHMENT OF MORTGAGEE: IRREGULAR FORECLOSURE: LIABILITY. Where a mortgagee of chattels was garnished on execution against the mortgagors, and he afterwards took possession of the property under his mortgage, and proceeded to foreclose the same by public sale, at which he acted as auctioneer, and himself bid upon and purchased the property, and credited the purchase price upon his mortgage, *held* that such proceeding was irregular, but not fraudulent or void, and that he should be held to account for the value of the property, and, if that was more than the amount due him, there should be judgment against him as garnishee for the residue.

2. **The Same:** EVIDENCE. In such case evidence was properly admitted which tended to show the amount of property taken, and its value.

3. **Appeal:** ABSTRACT FILED TOO LATE: EFFECT. An appellee's abstract will not be stricken from the files because not filed in proper time, where it does not appear that the submission of the cause was delayed, or the appellant prejudiced by the delay.

*Appeal from Jasper District Court.*—HON. DAVID RYAN, Judge.

FILED, MAY 31, 1890.

THE plaintiffs by this proceeding seek to charge the defendant as garnishee on an execution upon a judgment against Henry Zimmerman and J. A. Zimmerman. The defendant answered, denying indebtedness to the judgment defendants, and denying that he had in his possession any property rights or credits belonging to them. There was an issue made upon the answer, and upon a trial the defendant garnishee was discharged. Plaintiffs appeal.

*Winslow & Varnum*, for appellants.

*Alanson Clark*, for appellee.

ROTHROCK, C. J.—I. It appears from the record that the defendants in execution are farm tenants, and that, for several years prior to the commencement of these proceedings, they rented and cultivated a farm owned by the defendant Moran, the garnishee. The parties adopted the plan of securing the rent and other indebtedness by chattel mortgages upon the crops and other property of the defendants. These mortgages were made each year, and at the end of the year's operations a settlement was had, and a new mortgage taken for the ensuing year. The mortgage taken for the year 1884 was taken on the first day of April of that year, and it included all the mortgagors' interest in crops grown that year, and one team of mules. The amount secured by the mortgage was five

*1. CHATTEL mortgage: garnishment of mortgagee: irregular foreclosure: liability.*

hundred and two dollars, owing by the tenants to Moran, with some accrued interest. The plaintiffs recovered a judgment against the Zimmermans in September, 1884, and issued an execution and garnished Moran. At that time the small grain of that year had been disposed of, and nothing remained but the corn standing and growing in the fields, and the mules. As soon as Moran was garnished, the tenants abandoned the crop, and refused to give it any further attention, and Moran was compelled to take possession of it. He did take possession under his mortgage, and proceeded to foreclose the same by a public sale. At this sale he acted as auctioneer and bid upon and purchased the property himself for the sum of four hundred dollars, and credited it upon the mortgage. The tenants' interest in the corn was an undivided three-fifths. The other two-fifths was to be harvested and delivered to Moran as the landlord's share. It is claimed that the sale and pretended foreclosure were fraudulent and void. We think it was irregular, but there is no evidence of actual fraud. The record does not show that Moran was actuated by any other purpose than to secure the debt due to him, and there is no evidence in any way impeaching the debt, nor the amount thereof. Moran should be held to account for the value of the property ; and, if that is more than the debt due to him, the plaintiffs are entitled to such balance.

Counsel for the respective parties have made their estimates of the value, and it is claimed on the one hand that there is a large excess, and on the other hand that, estimating all of the property at its fair value, the tenants are still indebted to Moran. We will not enter into a computation of the matter. It is enough to say that this was a plain issue of fact in a proceeding at law, and the judgment of the district court is not without support in the evidence. The tenants commenced operations for the year 1884 in debt to their landlord in the sum of five hundred dollars' principal, and something in the way of interest. They

raised a small crop of oats and wheat, and gave the landlord his share and also their share. There is no accurate showing of what the tenants' share was. Indeed, it is mere conjecture. They abandoned the corn, and left the landlord to husk and crib the whole crop. The fact is that these tenants, instead of having anything in the hands of their landlord from year to year, appear to have been getting deeper in debt. The whole course of their business shows that they had no margin with which to pay other creditors. Moran, in his testimony, says: "When defendants found that I had been garnished, they told me they were not going to work there any more. They said they could not live without they had something to live off of, and they throwed up the crop. Said they could not gather it unless they got something to live off of. The family was destitute. They would not gather the crop. They just abandoned the crop."

II. The plaintiffs objected to several questions propounded by defendant's counsel to the garnishee, and now claim that his objections should have been sustained. The evidence elicited by these questions tended to show the amount of property taken under the chattel mortgage, and its value. We think the garnishee had the right to show these facts. He was liable, if at all, for any excess of the fair value of the property over and above the amount of the mortgage debt.

*2. The same: evidence.*

III. A motion was made by counsel for appellants to strike appellee's abstract because not filed in proper time. It does not appear that the submission of the cause was postponed by the delay, nor that the appellants were prejudiced thereby. The motion will be overruled.

*3. Appeal: abstract filed too late: effect.*

IV. As we have found that the judgment must be sustained upon the evidence as to the amount and value of property, we need not determine other questions presented by counsel. The judgment of the district court will be                                   Affirmed.