LETA MAY LATHROP, Appellee, v. B. H. DOTY, Appellant.

1. **Practice in Supreme Court:** ABSTRACT: TIME FOR FILING. An amended abstract will not be stricken from the record in the supreme court merely because it was not filed within the time allowed by the rules of that court.

2. **Estoppel:** CONVEYANCE OF REAL ESTATE : MINORS. Where an administrator and minor heir joined in a conveyance of real estate sold under order of court, and such minor, after attaining her majority, sued for a part of the consideration for said conveyance ; *held*, that she was estopped from denying the authority of the court to order said sale, or from attacking the validity of the deed in which she had joined.

*Appeal from Calhoun District Court.*—HON. J. P. CONNER, Judge.

SATURDAY, FEBRUARY 7, 1891.

CHARLES Wilhelm died intestate on the ninth day of October, 1877, seized of the following real estate : The north half of the northeast quarter, section 7, township 87, north, in said county,—and left surviving him his widow, Samantha E. Wilhelm, and one daughter, the plaintiff, the latter being then eight years of age. In 1880 the widow was appointed administratrix of the

estate of her husband by the circuit court of Calhoun county, Iowa, and in 1881 she made application to said court for an order to sell the real estate described for the payment of debts. This application was made at the March term of the circuit court of said county. April 9, 1881, the widow, then residing in Cedar county, Iowa, made application and was by the circuit court of that county appointed guardian of the plaintiff's person and estate. At the March term of the circuit court of Calhoun county the court fixed the hearing of the application for the sale of real estate at Algona, in Kossuth county, and the time, April 25, 1881, and directed due notice to be given thereof, prescribing what it should be. At the time and place designated an order was made for the sale of the land, and in pursuance thereof a sale was made, and a deed executed to the defendant, who took possession thereof, and still occupies it. The consideration for the deed was the assignment of a legacy in another estate for eight hundred dollars, for which seven hundred dollars was allowed, and the three hundred dollars to make the one thousand dollars to be paid for the land, it may be said was in cash, though there is dispute in regard to it. The deed of the administratrix was made on January 27, 1882. On the same day Samantha E. Wilhelm and plaintiff joined in a quitclaim deed of the premises to the defendant. At the time of making this quitclaim deed the plaintiff was but thirteen years of age. She attained her majority, by marriage, September 22, 1885, at the age of sixteen years. After the execution of the deeds, Samantha E. Wilhelm died, and the plaintiff is her heir. This action is brought to set aside the conveyance to the defendant under the order of the court made in Kossuth county, the court being without jurisdiction to make the order, and because no notice of such hearing was served on the plaintiff.

As to the quitclaim deed by the plaintiff, it is claimed to be voidable at her instance, she being in her minority at the time of its execution. The district

court gave judgment declaring the deed of the adminis-
tratrix and also the quitclaim deed of the plaintiff to
defendant void, and confirmed the title to the undivided
two-thirds of the land in plaintiff, on condition that she
assign to the defendant the legacy given as a part of
the consideration, which was afterwards done. The
district court also gave the plaintiff the judgment for
six hundred dollars as rent and profits. Other ques-
tions urged in defense may be noticed in the opinion.
From the judgment rendered the defendant appeals.
*Reversed.*

*M. R. McCrary* and *O. J. Jolley*, for appellant.

*J. C. Kerr* and *Treichler & Huber*, for appellee.

GRANGER, J.—I. The appellant files a motion to
strike the appellee's amended abstract from the record
because not filed within the time prescribed

1. PRACTICE in
supreme court:
abstract: time
for filing.

by the rules of this court. We do not for
that reason strike abstracts from the record.
See *Cruver v. Railroad*, 62 Iowa, 460.

II. At the time of the assignment of the legacy, as
a part consideration for the land, there was an agree-
ment that the defendant should pay inter-

2. ESTOPPEL: con-
veyance of
real estate:
minors.

est thereon for a certain period. In
November, 1885, the plaintiff commenced
a suit against the defendant to recover a balance of the
interest due of eighty-six dollars and forty cents. The
suit was settled on the twenty-sixth of November, and
the plaintiff and her husband gave to the defendant a
receipt, as follows :

"RECEIPT FOR INTEREST ON LEGACY.

"ROCKWELL CITY, IOWA, November 24, 1885.

"Received of B. H. and L. Addie Doty two hun-
dred and eighteen and seventeen-hundredths dollars in
full of all interest to this date on legacy left by John
Wright to L. Addie Doty, *nee* Wright, and assigned to
Samantha E. Wilhelm [ interest and assignment as per
contract dated January 27, 1882, signed by B. H. and

L. Addie Doty], said interest being paid in amounts and in a manner following, viz.:

In cash Oct. 12, 1885 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $125 00
Order to Dr. Mansfield on B. H. Doty, and accepted by him,
     of date Nov. 25, 1885 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    50 00
In cash this date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    43 17

     Making said total of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $218 17
     "[ Signed ]                    LETA MAY LATHROP,
                                    "C. L. LATHROP."

On the written assignment of the legacy are indorsements as follows:   "January 27, 1882, interest paid in full as within contract to August 2, 1882 ;"   "October 12, 1885, received on interest one hundred and twenty-five dollars, leaving eighty-two dollars and thirty-six cents back."

It is urged that inasmuch as the legacy was assigned in part payment for the land, and that the plaintiff has brought suit to recover the interest, and accepted the same, she is estopped to deny the validity of the defendant's title because of the facts alleged in her petition.   The appellee insists that her act in prosecuting the suit and accepting the interest was without knowledge of the fact that the legacy was received as a part consideration for the land, and that, if she acted without knowledge of the facts, she is not estopped, and, further, that the legacy was assigned in payment for the land under the sale by order of the court, which is void, and not for the quitclaim deed made by the plaintiff.   The payment of the one hundred and twenty-five dollars, October 12, 1885, and the commencement and settlement of the suit thereafter, in which at least forty-three dollars and seventeen cents was paid, was after the plaintiff attained her majority ; and we are unable to believe from the record that the plaintiff did not then know how she became possessed of the legacy. Mr. McCrary, in his testimony, says, in substance, that soon after her marriage her husband, at her instance, called at his place of business for him to go to the house of a Mr. Smith to talk with her, and that he went, and

there stated to her the facts as to her signing the quit-claim deed, and the assignment of the legacy. This conversation she does not deny, except that in general terms, she says she had no knowledge of signing the deed, or how she obtained the legacy when she brought suit for the interest. It is stated by the appellee in argument, that at the time of the settlement of the suit for interest, when the receipt was given, the defendant "wanted the plaintiff to give another deed for said property, which she refused to do." This, to some extent, indicates that the title to the land was talked in connection with the settlement, and, inferentially, that it bore some relation to it. At that time, she accepted the last payment of interest, and gave the receipt set out above. Added to this are the probabilities that the plaintiff after obtaining her majority by marriage, and her husband, who she says transacted her business, and who seems to have been active to know her rights as to the land, would have been informed as to the property of the estate, and how the proceeds arising from the sale of the land had been disposed of. Her naked statement that she did not know the facts is insufficient to over-come the other testimony in the case.

There is no force in the claim that the legacy was not taken as a consideration for the quitclaim deed. The unmistakable object of the deed was to strengthen the title sought to be conveyed by the sale under the order of the court, and both instruments were induced by the same consideration. The estoppel is to be main-tained on the theory that the plaintiff, with knowledge of defendant's claim of title, has recognized its validity by accepting the benefits of the transaction in her favor. Thus estopped, the validity of the instruments at their inception is not a matter for present consideration.

The prayer of the plaintiff's petition is denied, and the judgment of the district court REVERSED.