HERMAN SCHIER, Appellee, v. E. T. DANKWARDT, Appellant.

**Chattel Mortgage:** FORECLOSURE: IRREGULARITY IN SALE: EVIDENCE.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

MONDAY, OCTOBER 9, 1893.

THE plaintiff seeks, by this action, to charge the garnishee, E. T. Dankwardt, with being indebted to, or having property in his hands belonging to, one Jacob Wertz. Dankwardt, the garnishee, answered, denying that he was in any manner indebted to Wertz, or that he had any property of Wertz's under his control. Issue was taken by the plaintiff upon the answer of the garnishee. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*La Monte Cowles,* for appellant.

*A. H. Stutsman,* for appellee.

ROTHROCK, J.—It appears, 'from the record presented on this appeal, that the plaintiff was the owner of a judgment against Jacob C. Wertz. On the fourth day of January, 1890, he caused the defendant, Dankwardt,

to be garnished on execution as a supposed debtor of Wertz. At that time, Dankwardt held a chattel mortgage on all of the personal property of Wertz to secure the payment of a promissory note for one thousand, three hundred and twenty dollars, and had taken possession thereof, and advertised the same for sale on the seventh day of January, 1890. The mortgaged property consisted of a threshing machine, horses and cattle, and farming utensils, and such other property as is in common use by farmers. On the day appointed for the sale, Dankwardt appeared on Wertz's premises, and the sale was held with Dandwardt as auctioneer, and he purchased most of the property. In the issue as made up on the answer of the garnishee, it was claimed by the plaintiff that the sale was irregular, fraudulent and invalid. This was denied by the garnishee. It is conceded that the garnishee acted as auctioneer at the sale, and that he purchased nearly all of the property. The sale was well attended, and some of the persons present were there with the intention of purchasing property. It appears from the evidence of some of the witnesses that there was dissatisfaction expressed with the manner in which the sale was conducted. It fairly appears that the property was not collected together, as is usually done at a public sale. The most valuable article of property was a threshing machine. The separator belonging to the machine was some two or three miles away from the place of sale. Witnesses testified that the animals were driven up when they wanted to sell them, and very few of them could be examined until offered for sale. One witness testified that he "saw a black bull sold. He was not brought up with the rest of the stock, and he went through the pasture. I saw him tearing through the timber. Said we would have to buy him where he was; could not keep him in the yard. Mr. Dankwardt got him. I don't know what he got him for." There was a conflict in the evidence as to whether the sale was fairly conducted, and as to the value of the property purchased by Dankwardt at the sale.

It is claimed that the verdict is not supported by the evidence, and that the court erred in submitting the question of fraud to the jury, because there was no evidence of fraud. An examination of the evidence leads us to the conclusion that the evidence was sufficient to sustain the verdict, and that there was no error in submitting the question of fraud to the jury. It was held in *Spencer v. Moran*, 80 Iowa, 374, that, where a mortgagee of chattels forecloses his mortgage by public sale, at which he is both auctioneer and purchaser, the proceeding is irregular, and that he should be held to account for the value of the property. That rule was adopted by the district court in the trial of the case at bar, and there is no reason why this court should interfere with the finding of the jury, and the order of the district court overruling a motion for a new trial on the ground that the verdict was contrary to the evidence.

II. It is claimed that the court erred in refusing to charge the jury, at the defendant's request, that he was not liable for that part of the property which was exempt to Wertz as the head of the family. The court properly refused to so charge the jury, because no such claim was presented by the pleadings nor authorized by the evidence.

III. It appears from the evidence of Wertz, who was examined as a witness on the trial, that about one week before the sale he gave Dankwardt an order on one Loftus for thirty-seven dollars, to be applied on the mortgage debt. The defendant requested the court to charge the jury that the giving of the order was not sufficient evidence of a payment of that amount without proof that Dankwardt received the money. We think Dankwardt received it in payment, as testified by Wertz, and, as he made no claim on the trial that it was not in fact paid, he was in no position to demand that the court should give the instruction as requested by the defendant.

The judgment of the district court is AFFIRMED.