CITY OF FORT MADISON, v. T. H. MOORE and M. L. LANE, Appellants.

**Contracts with Municipal Corporations.** When the work to be done is fully described in specifications referred to in an advertisement for bids by a city, an acceptance of a bid in writing, entered of record, constitutes a contract for the performance of which a bond may be given, though the notice for bids provided for a contract and no such instrument was executed.

CONSIDERATION FOR MODIFICATION. A contract modifying a previous one will be enforced, as the consideration of the original contract is sufficient to support the modification.

CONDITION OF BOND. A bond given to secure the performance of certain work for a municipality, conditioned to secure the performance of the contract, is the equivalent of one conditioned to secure the performance of the work contracted for.

EVIDENCE. In an action by a city to recover on a contractor's bond conditioned for the performance of a contract with the city, resolutions passed by the council, authorizing the contract, and pursuant to which the officers thereof entered into the contract, are admissible in evidence.

*Same.* The resolution of the city council awarding the contract to defendant is competent.

*Harmless error.* The reception in evidence of a resolution of the city council declaring the contract forfeited and directing that an action be brought to recover damages, if erroneous, was without prejudice to the defendant.

**Stating Issues to Jury.** It is not error, in itself, to give the issues to the jury by stating to them the substance of the pleadings in the order in which they were filed.

**Instructions.** Where instructions given fairly and fully present the law applicable to the case, error cannot be predicated on the refusal of the court to give other instructions requested.

**Review on Appeal :** CONFLICTING TESTIMONY. A verdict based on conflicting evidence will not be disturbed on appeal.

OBJECTION BELOW. In an action on a contractor's bond, it is too late, on appeal, to raise for the first time the question of the sufficiency of the allegations of the petition to charge a breach of the bond.

STRIKING ADDITIONAL ABSTRACT AND ARGUMENT   The supreme court will not strike an amended abstract and additional argument from the files for the reason that they were not filed in time, when the submission of the case is not delayed thereby.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, OCTOBER 21, 1899.

THIS is an action upon a bond given to secure the faithful performance of a contract with the city for work for which the defendants Moore and Lane were contractors. The other defendants were sureties. It is claimed there was a breach of the conditions of the obligation, and damages are sought in this proceeding therefor. Plaintiff's claims were put in issue, and a counterclaim was pleaded by the principal defendants. From a verdict and judgment in plaintiff's favor, defendants Moore and Lane appeal.— *Affirmed.*

*T. B. Snyder* and *J. J. Watson* for appellants.

*T. H. Johnson* and *Hamilton & Hamilton* for appellee.

WATERMAN, J.—The evidence is in substantial conflict, and we shall not disturb the finding of the jury because of any matter of fact.

I. The work to be done was fully described in specifications which were referred to in the advertisement for bids. Defendants' bid, which was in writing, was duly accepted, and the acceptance entered of record. No other contract was made, although the notice for bids provides for such an instrument. Appellants seem to claim something on this account, but we do not see how they can derive any advantage therefrom. There was a contract by

the acceptance of defendants' bid, and the bond in suit was given to secure its performance.

It is further urged that this bond was given to secure, by its terms, the performance of the contract, when, by statute, it should have been to secure the doing of the "work." We cannot agree with appellants that the liability of defendants, would be altered if the condition was as they claim it should be. Furthermore, we find that in section 4, chapter 7, Laws Twenty-fifth General Assembly, it is provided that bonds of this kind shall be conditioned for the faithful performance of the "contract."

The breach of the bond is sufficiently charged in the petition, but, if this were not so, it is too late now to make such objection.

II. The petition recites the passage of certain resolutions by the council, under the authority of which the city officers assumed to act in doing this work. These resolutions were admitted in evidence over defendants' objection. The answer put in issue the adoption of such resolutions. As they were the basis of the city's right to proceed, they were properly admitted.

A like complaint is made of the admission of other resolutions adopted, which declared the contract forfeited, and ordered that suit be brought to recover damages, and also the resolution letting the contract to defendants. The latter was clearly competent, and as to the others we can see no possible harm to the defendants in the court's action in receiving them in evidence. If it was erroneous,—which we do not hold,—it was in no way prejudicial.

There is a further assignment of error based upon the admission of evidence going to show that the specifications were altered before the contract was signed. This is without merit. Among the one hundred and four assignments of error there are some others which relate to the reception and exclusion of testimony. We do not feel called upon to do more than say that none of the rulings are of such a character as to justify a reversal of the case.

III.   We come now to the objections to the instructions. It is first charged that the issues were not properly given to the jury.   In stating the case, the trial court gave the substance of the pleadings (with a single exception, which will be noticed later) in the order in which they were filed.   This, it is claimed, was error.   While we have held it erroneous to refer the jury to the pleadings for the issues, we have never held the court might not set forth the questions in the manner here followed.   On the contrary, we have said this may properly be done, under some circumstances.   *Fleming v. Town of Shenandoah,* 71 Iowa, 458, *Crawford v. Nolan,* 72 Iowa, 673.   Taking the whole charge together, we think the jury was fairly informed as to the points in dispute.

One issue tendered by the principal defendants was a want of consideration for a certain written instrument, signed by them, in which they waived any claim for damages on account of a change in the work.   This issue was not stated in the charge, and complaint is made of the omission.   We find that no prejudice resulted, because the consideration of the original agreement would sustain a subsequent modification.   *Quarry Co. v. Reichard,* 40 Iowa, 161.

Defendants submitted twenty-five instructions to be given the jury.   All were refused, and an exception is founded upon the court's action with relation to each of them.   Error is also assigned upon each of the twenty-six instructions given by the court.   To discuss fully all the grounds of complaint as to these matters would extend this opinion beyond all reasonable limits, and, as the questions raised are not of a general character, such discussion could be of no benefit to the profession.   Suffice it to say that the instructions given present the law quite fairly and fully, and because of this the court was warranted in refusing to give those asked by defendants.

IV.    Appellants' motion to strike the denial filed by appellee, and also its amended abstract and argument, because not served in time, will be overruled.    The denial of appellants' abstract was not sufficiently specific to require attention from them, and we do not strike additional abstracts and arguments from the files because not filed in time, when the submission of the cause has not been thereby delayed. *Spencer v. Moran,* 80 Iowa, 374; *Lathrop v. Doly,* 82 Iowa, 272; *Boggs v. Douglass,* 89 Iowa, 150; *Gregg v. Spencer,* 96 Iowa, 501.—AFFIRMED.