NELLIE MELLERUP, Administratrix, Appellant, v. THE
TRAVELERS' INSURANCE COMPANY AND
CHARLES A. DEAN.

95  317
96  503
95  317
104  142
95  317
f109 516
95  317
115  748

**Practice:** SUIT ON POLICY: *Directed verdict.* A policy of life insurance is duly assigned. The beneficiary sues to recover its amount and charges that the assignee and insurer have combined to cheat her out of its proceeds. The evidence adduced by her was that the policy was in force when assured died, and that it was paid to assignee in accordance with the policy. *Held,* a directed verdict for defendant was right.

SAME. An improper impaneling of the jury was, here, error without prejudice.

PRACTICE ON APPEAL. The written opinion of the judge below will not be stricken from the appeal record.

*Appeal from Keokuk Superior Court.*—HON. H. BANK, JR., Judge.

SATURDAY, JUNE 1, 1895.

Action at law upon a contract of insurance.    Trial by jury.    At the close of the introduction of the evidence in behalf of the plaintiff, a motion to instruct the jury to return a verdict for the defendant was sustained. From a judgment on the verdict thus rendered, the plaintiff appeals.—*Affirmed.*

*J. P. Hornish* and *Parsons & Dolan* for appellant.

*McCrary & Craig* for appellees.

Rothrock, J.—It appears from the pleadings in the case that in the year 1887 H. C. Mellerup insured his life in the Travelers' Insurance Company in the sum of one thousand dollars.    The written policy by which the insurance was effectuated provided that the said sum was to be paid to the legal representative of the insured or his assignee, upon satisfactory proof of death.    Mellerup died in June, 1891, and the plaintiff herein is administratrix of his estate, and seeks by this action to recover the amount of the policy.    It is averred in the petition that the written policy is not in the possession or under the control of the plaintiff, but that, as the plaintiff is informed and believes, the same is in the possession of one of the defendants, and "that both defendants conspired to defeat plaintiff out of the proceeds of said policy."    The answers of the defendants were to the effect that the policy was assigned by Mellerup to the defendant Dean, and that Dean made proper proofs of loss, and was paid the full amount of the insurance.    The parties went to trial on the issues,

the substance of which is above stated. The plaintiff, in the course of the introduction of evidence, read to the jury some of the answers to interrogatories in a deposition of the president of the insurance company. These answers are to the effect that the policy was in full force at the time of Mellerup's death, and that, after his death, payment of loss was made to the assignee in accordance with the provisions of the policy. The plaintiff neither by allegation nor proof in any manner questioned the right of Mellerup to assign the policy. It requires no argument or discussion to demonstrate that the plaintiff had no right to recover upon the evidence which was introduced. The proposition of counsel for the plaintiff is that when it was shown that the policy was in force when Mellerup died, and the plaintiff made proper proofs of loss, a *prima facie* case was made against the defendants. This, it seems to us, is not correct, when other facts are considered. The plaintiff is claiming to recover upon a policy which they show by their evidence has been paid to an assignee in accordance with the provisions of the policy. It is apparent that the burden was on the plaintiff to show that the defendants conspired to defeat the plaintiff out of the proceeds of the policy. The right to recover was placed upon that ground in the petition, and it was incumbent on the plaintiff to establish that fact.

II. A question is made by appellant as to an alleged error of the court in the matter of impaneling the jury, which need not be considered. As the plaintiff did not introduce sufficient evidence to submit the case to a jury, it is wholly immaterial as to whether the jury was properly impaneled or not.

III. A motion was submitted with the case to strike from appellant's abstract a written opinion of

the court upon the ruling on the motion to instruct. The ground of the motion is that the opinion is not part of the record. The motion is overruled.

It is desirable that this court may know the reasons upon which the decision of the trial court is founded, and a statement thereof is frequently a very great assistance in the consideration of the questions presented by the appeal.

The judgment of the district court is *affirmed.*