96   501
109   480
f109 516

## PARK GREGG v. D. A. SPENCER AND A. R. SHRIMPLIN, Appellant.

**Practice in Supreme Court.**  An appellee's abstract on appeal will not be stricken from the files because not filed within the time fixed by the rules, where it does not appear that appellee was prejudiced by the delay in preparing the case for submission.

SAME.  The opinion of the trial court as to facts and law is properly filed and made a part of the record on appeal.

*Appeal from Ringgold District Court.—*HON. W. H. TEDFORD, Judge.

SATURDAY, DECEMBER 14, 1895.

This action was commenced to recover judgment against the defendants upon three promissory notes executed by the defendant Spencer, and for the foreclosure of a chattel mortgage given by Spencer to secure the payment of the notes.  Spencer answered the petition, and filed a cross petition against his codefendant to recover for an alleged breach of

warranty and false and fraudulent representations, by which he was induced to purchase a stallion from the defendant Shrimplin. The cause was heard as an equitable action, and judgments were rendered for the plaintiff, and for the defendant Spencer, against the defendant Shrimplin. Shrimplin appeals.— *Affirmed.*

*Harvey & Parrish* for appellant.

*M. A. Campbell* for appellee Gregg.

*Henry & Spence* for appellee E. A. Spencer.

Rothrock, J.—I. The questions presented by the appeal will be understood by a plain statement of facts, without repetition of the pleadings. The defendant Shrimplin was the owner of a stallion, which he sold to the defendant Spencer for one thousand dollars. No money was paid on the purchase. The sale was entirely on credit, and Spencer executed three promissory notes to Shrimplin, and a mortgage on the stallion, to secure the purchase money. The notes were transferred by Shrimplin to Park Gregg, the plaintiff, before they became due, and the mortgage on the horse was assigned to the plaintiff. It is conceded that the plaintiff took the notes and held them, as an innocent purchaser, and that, as to him, both of the defendants are liable thereon. The mortgage was assigned by Shrimplin without recourse, but this is an immaterial fact, because the horse died before the hearing in the court below. The whole controversy on the trial was between the two defendants; the defendant Spencer claiming that the horse was worthless, and that he was induced by Shrimplin to enter into the contract by a verbal warranty, and by false and fraudulent representations made by

Shrimplin at the time the contract was made. Shrimp-
lin denied that he made any actionable false rep-
resentations, and denied the alleged warranty. These
contending claims were presented to the court, all of
the witnesses excepting one being examined in open
court. The deposition of the one witness not present
was taken and read at the trial. The court found for
the defendant Spencer on these issues; and judgments
were rendered in favor of the plaintiff, and against
Spencer, upon the notes; and judgment was rendered
in favor of Spencer against Shrimplin for one thou-
sand dollars and interest; and it was ordered that
plaintiff should have a lien on the judgment in favor
of Spencer against Shrimplin, and that the lien should
be in force until collection of the judgments. It will
be observed from the foregoing statement that the
sole issue pertains to the right of Spencer to recover
from Shrimplin for a breach of warranty or for false
and fraudulent representations, in the sale of the
horse.

II.   The learned judge of the court below decided
the case in vacation, and filed an opinion in writing,
in which he discussed the testimony of the witnesses,
and gave reasons for the conclusion which he reached.
The opinion is printed in an additional abstract filed
by appellee. Counsel for appellant claims that the
opinion is no part of the record, and that it should be
stricken from the appellee's abstract. The motion will
be overruled. It is true, as stated by counsel, that it
has become quite a common practice for trial courts
to file opinions in cases tried to the court, and that
practice, as we are advised, obtains in other states.
These opinions of fact and conclusions of law are
proper to be filed and made of record. See *Millerup v.
Insurance Co.*, 95 Iowa, 317 (63 N. W. Rep. 665), and
*Mitchell v. Colby*, 95 Iowa, 202.

III.   It is also insisted that the appellee's abstract should be stricken from the files, because it was not filed within the time fixed by the rules of this court. This part of the motion will be overruled, for the reason that it is not made to appear that appellant was prejudiced in the preparation of the case for submission in this court, by reason of the delay.

IV.   The case is one of fact, depending wholly upon the question whether, by a fair consideration of all the testimony of the witnesses, there is a preponderance of the evidence upon the question whether the defendant, in negotiating the sale of the horse, is liable for damages for false and fraudulent representations.   There is a dispute in the abstracts as to some points in the evidence; and we have examined the transcript of the evidence, and, after a most careful examination of the whole record, our conclusion is that the judgments must be affirmed, on the ground that representations were made by Shrimplin which were actionably false.   And we do not believe that the amount of the judgment is excessive.   We will not set out and discuss the testimony of the witnesses. This finding of facts upon the evidence makes it unnecessary to determine the question discussed by counsel, whether it was competent for Spencer to show that there was a verbal warranty of the horse, or whether he could recover without showing that the representations made by Shrimplin were known to him to be false when made.   We are fully satisfied that he did have that knowledge.   The judgments of the district court are *affirmed*.