E. McBride, Appellant, v. Richard Ricketts, Appellee, and Ira T. Martin, Receiver, Appellant, v. Caroline E. Ricketts, Appellee.

98  539<br>109  521<br>98  539<br>120  860

**Partnership Inter Se.** To constitute a partnership, there must be an agreement to share, not only in the profits of a joint venture, but in the losses as well.

**Accounting:** *Apparent partnership.* One of two persons who have held themselves out as partners, has the right to prefer his wife as a creditor as against all persons who know that there was no partnership in fact.

*Burden of Proof.* Plaintiff, in an action for a partnership accounting, has the burden of proving the existence of the partnership, where it is denied by the defendant.

**Receiver.** The receiver of an alleged partnership cannot recover property transferred by one of the alleged partners to his wife, where no partnership, in fact, but only an apparent one, existed, where such receiver has in his hands more than sufficient of ostensible partnership funds to pay all his creditors, who have the right to resort thereto.

*Appeal from Plymouth District Court.*—Hon. F. R. Gaynor, Judge.

Monday, May 25, 1896.

THE first of these suits is an action for a partnership accounting, for the appointment of a receiver to take charge of the firm property, and for an injuction restraining defendant from collecting any debts due the firm, or from disposing of any of the property thereto belonging. The second is an action at law, brought by the receiver appointed in the first case to recover of defendant Caroline E. Ricketts the proceeds of certain property, which it is alleged belonged to the firm of Ricketts & McBride, and which it is claimed the defendant wrongfully converted. The defendant in the first case denied the alleged partnership, and averred that the plaintiff was a mere employe working for a certain share of the profits of a soap business in which he (defendant) was engaged. The defendant in the second case denied the alleged partnership, and denied the conversion of any property belonging to the firm, and further denied that she received any money or property knowing it to be the property of the alleged firm. The cases were consolidated, and tried to the court, resulting in judgments and decrees dismissing the plaintiffs' petitions. Plaintiffs in each case appeal.—*Affirmed.*

*Argo, McDuffie & Reichmann* for appellants.

*Struble, Rishel & Hart* and *Edward S. Lloyd* for appellees.

DEEMER, J.—The first query presented by the appeal is, was there a partnership between McBride and Ricketts, as claimed in the petitions? The law as to what constitutes a partnership is well settled. In the recent case of *Winter v. Pipher*, 96 Iowa, 17 (64 N. W. Rep. 663), we had occasion to reconsider the question, and we there said, in substance that "it is settled doctrine in this state that to

constitute a partnership there must be not only a community of interest in the profits, but a sharing in the losses as well," and "that a mere participation in the profits does not constitute a partnership in respect to the concern or adventure from which the profits arise." We have carefully gone over the record in the case, and find that the evidence establishes the following facts: In February of the year 1888, the plaintiff, who was an experienced soap-maker, approached the defendant for the purpose of inducing him to enter into some kind of business relations with him (plaintiff) for the establishment of a plant and the manufacture of soap. After some negotiations, the parties entered into a written contract, which it is agreed embodied the agreements between them. This contract was made in duplicate. One copy was delivered to W. H. Dent, president of the Le Mars National Bank, and the other was retained by Ricketts. Both copies are now lost, and the parties and the witnesses disagree as to the terms thereof. Appellants claim, and introduced evidence to show, that it was agreed between the parties that Ricketts was to put into the business five thousand dollars in money, and was to receive ten per cent. interest thereon; and that McBride was to put in his experience and services, and receive not to exceed sixty dollars per month for his living expenses; and that each should receive one-half of the net profits and bear one-half the losses, if any should occur; that the business should be conducted at the city of Le Mars, and be transacted in the name of Ricketts & McBride, and should continue for the term of one year. On the other hand, the appellees contend, and produce evidence to prove, that the contract was that McBride was to devote his time to the manufacture and sale of soap for Ricketts, and was to receive as compensation for his services one-half of the net proceeds, if any, and was not to be liable for any losses;

that the business was to be conducted under the direction of Ricketts, and was to continue for one year, at the end of which time the profits were to be ascertained, and, after allowing appellee ten per cent. interest on the capital invested, and paying the expenses and indebtedness, the profits which remained, if any, were to be divided. It is, to say the least, unfortunate that we do not have a copy of the contract actually entered into between the parties. This branch of the case turns upon it, and the parties are widely apart in their evidence regarding it. We must, therefore, settle their dispute as best we may from what has been offered by either side. The burden is upon the plaintiff in each case to establish the partnership relation as claimed, and, without setting out all the evidence from which we arrive at our conclusions, it is sufficient to say that in this we think they have failed. The scrivener who drew the contract, and an attorney who was consulted in regard to its legal effect, each corroborate the defendant, Ricketts, in his version of it; while, on the other hand, McBride had in his support but one witness, and it appears that he made some admissions which tend to show that he was mistaken in his recollection regarding the terms of the instrument. There are, to be sure, some circumstances which tend to support the plaintiff, but they are explained by Ricketts in a satisfactory manner. Looking to the record presented, we are satisfied that defendant's version of the contract is the correct one, or, if this be not true, that plaintiff has failed to produce such a preponderance of the evidence as would justify us in adopting his. This finding disposes of the first of these cases, for plaintiff has no right to an accounting, under the allegations of his petition, unless he establishes an actual partnership between himself and Ricketts. He does not seek, in this suit to recover

anything as compensation for his services, nor does he seek to recover any of the profits made in the business. If such were his claim, he could not recover, because it does not appear that any profits have been realized. The finding of no partnership is also decisive of the second case, unless it be conceded that the receiver is entitled to some relief as against Caroline Ricketts, by reason of the fact, that the parties (McBride and Ricketts) held themselves out to the world as partners, and are, therefore, partners as to third persons. It appears from the record, that some debts were contracted in the name of Ricketts & McBride. But the Le Mars National Bank, which is the largest creditor, knew of the actual relations between the parties. Whether or not the other creditors knew of these relations, does not appear. But, in any event, the claims of these other creditors are small; one being for seventy-five dollars, and the other for one hundred dollars. Now, it is shown that the defendant in the second suit, who is the wife of the defendant in the first, received considerable sums of money from her husband in liquidation of an indebtedness which he owed her. These payments were of money received from the soap business, and were received by the wife without any knowledge of the alleged partnership; and it is doubtful, to say the least, whether recovery should be had of her, even if there was an actual partnership. But as there was in fact no partnership *inter se*, it follows that Ricketts had the undoubted right to prefer his wife as a creditor as against all persons who had knowledge of the fact. If we concede (which we do not, except for the purposes of this discussion) that the receiver represents all creditors' who may insist that there was a partnership as to them, although there was none in fact, yet this does not, of itself, entitle him to the judgment he prays. There has been turned over to

him, in virtue of the court's order, books of account kept by the ostensible partnership, which are presumptively worth more than two thousand dollars; so that there is much more property in his hands now than is needed to pay the inconsiderable claims of those creditors who might resort to it. Under no possible theory of the case, then, is the receiver entitled to recover. We are not to be understood as holding that the receiver is entitled to the books or other property which was delivered to him under the order of the court. What we have said has reference only to his right to recover of Caroline Ricketts for the alleged conversion of property belonging to Ricketts & McBride. It follows that the judgment in each case is correct, and it is AFFIRMED.