O. W. RICHARDSON & Co., Appellants, v. WILL O. CARLTON
and HENRY HUISKAMP, Partners, etc.

**Contracts:** CONSTRUCTION. *Creditor or partner.* A person contributed a certain sum to the common stock of a business, and
was to have no further liability, share in losses nor care in the
business, nor share in the profits, but was to have a per cent. of
the sum invested, payable annually and in any event. His money
was to be kept in the business, and not used for any other purpose, and the stock was to be kept up to secure it. At the end of
the time limited he was to receive his money back or its value in
goods. *Held,* that this amounted to a loan and not to a limited
partnership.

**Abstracts:** MAY INCLUDE OPINION OF TRIAL JUDGE. Including the
written opinion of the lower court in the abstract is not improper.

*Appeal from Lee District Court.*—HON. HENRY BANK,
Judge.

TUESDAY, OCTOBER 24, 1899.

ACTION to recover one hundred and ninety-eight dollars
with interest, on an account for merchandise alleged to have
been purchased by defendants, as co-partners, from the
plaintiffs. As showing a co-partnership, the plaintiffs set out
an agreement in writing, alleged to have been entered into
between the defendants, with reference to carrying on a
mercantile business at Carthage, Ill., which, it is averred,
constituted the defendant Huiskamp a special or limited
partner in said business. Plaintiffs also set out what is
averred to be the statute of Illinois providing how limited
partnerships may be formed, and as to the rights and liabilities of the partners. Plaintiffs aver that the defendants
failed to comply with the requirements of said statute, and
that by reason thereof they became liable as general partners.
The defendant Huiskamp appeared, and demurred to the
petition on the following grounds: *"First.* Because the

facts stated therein do not constitute a cause of action against the defendant. *Second.* Because the agreement set out in the amended petition does not constitute either a general or a special partnership. *Third.* Because the agreement set out in plaintiff's petition does not constitute a partnership, and under the terms and conditions of same there is no liability on the part of the defendant Huiskamp to the plaintiffs on the cause of action sued on." The demurrer was sustained, and, the plaintiffs refusing to further plead, judgment was rendered dismissing the petition, and for costs. Plaintiffs appeal.—*Affirmed.*

*A. J. McCrary* and *John B. Risse & Son* for appellants.

*James C. Davis* for appellees.

GIVEN, J.—I. The defendant Huiskamp filed with his argument an "amended abstract," consisting of the written opinion of the learned judge who ruled upon the demurrer, and this the plaintiffs move to strike from the files, "because the same is no part of the record appealed from." We have held that it is not improper to include in the abstract or the additional abstract the written opinion of the lower court in the case, and that it will not be stricken on motion. *Williams v. Tschantz,* 88 Iowa, 126; *McLean v. Ficke,* 94 Iowa, 283; *Gregg v. Spencer,* 96 Iowa, 501; *Mellerup v. Insurance Co.,* 95 Iowa, 317.

II. The written agreement set out in the petition is as follows: "This indenture witnesseth: That whereas, William O. Carlton, of Carthage, Illinois, and Henry Huiskamp, of Keokuk, Iowa, have recently entered into a certain business relationship: Now, therefore, for the purpose of reducing the agreement between the said parties to writing, and fully defining and explaining such business relationship, and fixing definitely the rights, interests, and

duties of the respective parties, this instrument is this day signed and sealed by the parties aforesaid. *First.* It is agreed that said Carlton shall continue in mercantile business in the city of Carthage for the next five years, his health permitting, and keep in stock and sell the same general line or class of goods in which he has been dealing since opening a store in said city during the past summer, and shall not remove said business or said stock of merchandise from the said city of Carthage except with the consent of said Huiskamp. *Second.* It is agreed that said Carlton shall at all times keep in stock not less than three thousand dollars' worth of merchandise, fully paid for, over and above all his indebtedness and the exemption allowed him by law. *Third.* That said Carlton shall give his personal attention and time to said business, and shall, at his own expense, employ all necessary help or assistants in conducting said store, and shall pay all the expense incurred in the conduct of such mercantile business. *Fourth.* It is agreed that of the capital invested in said business said Huiskamp, during said five years, shall keep invested in said business the sum of three thousand dollars, which sum shall be under the control and management of the said Carlton, and be used by him in said business as he may deem best and proper. *Fifth.* It is further agreed that said Huiskamp shall not be required to give any time, or attention to said business, and that he shall never ask for or receive any part of the profits of said business, and shall not be liable for any of the losses of the same; that for the money so invested by him he shall receive an annual dividend of 10 per cent. on said three thousand dollars out of said business from said Carlton, which dividend of three hundred dollars per year shall be paid on the 15th day of October in each and every year during the continuance of this ageement. *Sixth.* It is further agreed that said Huiskamp shall at all times be an owner in, and have an interest in, said stock of merchandise to the extent of the entire

amount invested by him, but no greater interest, and that said Carlton shall not do, or suffer anything to be done, with or in connection with said stock of goods, that will in any manner entail loss upon said Huiskamp, or jeopardize his interest therein. Said Huiskamp shall not be liable for any loss or damage sustained in the conduct of said business, and shall not be liable for any of the debts made by said Carlton or incurred in said business, and shall in no event and under no circumstances be liable to any person for the loss or damage in excess of said $3,000.00 so invested by him. *Seventh.* Upon the termination of said business relationship at the expiration of the time aforesaid, or sooner by agreement of the parties, said Carlton shall repay the said $3,000 to said Huiskamp, and shall then own said entire business; and if, for any reason, he should fail to repay the same, or any part thereof, then said Huiskamp shall have the right to select goods out of said stock to the amount of $3,000 at their fair cash value at wholesale. In witness whereof, we have hereunto set our hands and seals this 24th day of November, A. D. 1891. Will O. Carlton. (Seal.) H. W. Huiskamp. (Seal.)" The statute, as set out in the petition, is, so far as necessary to be noticed, in substance as follows: Section 1 provides that limited partnerships may be formed as provided in the act. Section 2 is as follows: "2. General Partners—Special Partners. Limited partnerships may consist of one or more persons, who shall be called general partners, and who shall be jointly and severally responsible, as general partners now are by law, and of one or more persons who shall contribute a specific amount of capital, in cash, or other property at cash value, to the common stock, who shall be special partners, and who shall not be liable for the debts of the partnership beyond the amount of the fund so contributed by them, respectively, to the capital stock, except as hereinafter pro-vided." Section 3 provides that the general partners only shall be authorized to transact business, to sign for the part-

nership, and to bind the same. Sections following require
that a certificate containing the name of the partnership;
the nature of the business; the names of the general and of
the special partners, designating which are general and
which special; their place of residence; the amount of capi-
tal each special partner has contributed; and when the
partnership shall commence and end,—shall be made, signed,
and acknowledged as deeds are acknowledged, by the per-
sons forming the partnership, and filed for record.   Section
7 requires that an affidavit of one or more of the general
partners be filed with the certificate, stating the amount
in money, or property at cash value, contributed by each of
the special partners.   Section 8 provides that no such part-
nership shall be deemed to have been formed until such cer-
tificate, acknowledgment, and affidavit have been filed; and
that, if any false statement shall be made in such certificate
or affidavit, "all persons interested in such partnership shall
be liable for all the engagements thereof as general part-
ners."   Section 9 requires that the terms of partnership
shall be published in some newspaper by the partners, and
provides, "If publication be not made as herein provided,
the partnership shall be deemed general."   Laws 1858,
chapter 98.

III.   The claims of the parties, as we understand them,
are these:   Plaintiffs insist that, as said written contract
was made with reference to the conducting of a business in
the state of Illinois, the statute of that state applies; that
by said contract the defendants formed a partnership,
wherein Carlton was a general partner and Huiskamp a
special partner; and that by failing to comply with said
statute they each became liable as general partners.   The
defendant Huiskamp does not question that, if said agree-
ment is a contract of partnership, the law of Illinois applies;
but he insists that said written agreement is not a contract
for a partnership, but simply for the loan of three thousand
dollars.   It is admitted, for the purposes of the demurrer,

that the defendants did not comply with said statute as to making, signing, acknowledging and recording a certificate, nor in making affidavit and publication of the terms of partnership, as required by said statute. Authorities are cited to the effect that as to creditors, where one permits himself to be held out as a partner, he will be held liable as such. This rule has no application here, as it is not so alleged, nor that credit was given on the faith that Huiskamp was a partner. The controlling question is whether a partnership was formed by this contract wherein Carlton was a general and Huiskamp a special partner. That they could have so contracted cannot be doubted, nor can it be disputed that this contract contains some of the elements of such a partnership. The powers, duties, and responsibilities assumed by Carlton are such as would belong to him as a general partner, and the exemption of Huiskamp from liability and from care of business, such as would pertain to him as a special partner. Huiskamp contributed a specific amount of capital in cash to the common stock. We say "common stock," because in the fourth clause of the contract "it is agreed that of the capital invested in said business said Huiskamp shall keep invested in said business the sum of three thousand dollars." It was "of the capital invested in said business" that he agreed to contribute three thousand dollars, and the fact that the use of it was restricted to the business shows that is was a contribution to the common stock. It does not necessarily follow from these facts that Huiskamp became a partner. Looking, as he did, to the success of the business, and that at least three thousand dollars of merchandise would be kept on hand as his security, he might rightfully, as a loaner, require that his money should be kept in the business, and not used by Carlton for other purposes, and that he should be exempt from liabilities and care of the business. It has been held many times by the courts of Illinois and by this court that an essential element of a partnership is that part-

ners must share in both profits and losses.    See *Adams v. Funk*, 53 Ill. 219; *Smith v. Knight*, 71 Ill. 149; *Gottschalk v. Smith*, 156 Ill. Sup. 377 (40 N. E. Rep. 937); *Newlin v. Bailey*, 15 Ill. App. 199; *Clark v. Barnes*, 72 Iowa, 564; and *Winter v. Pipher*, 96 Iowa, 17.    In the latter case it is said: "A partnership is defined to be a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business and to divide the profits and bear the loss in certain proportions.    *    *    *    Participation in the profits and losses of a joint business or undertaking affords the usual, and perhaps the most cogent, test of the existence of an intention to form a partnership.    We need not cite the large number of cases which sustain the proposition.    It is true that there are cases which hold that a  community of interest in profits is sufficient to constitute a partnership. But this court is committed in the doctrine that there must be a sharing of the losses."    In *Ruddick v. Otis*, 33 Iowa, 402, it was said that "no doctrine of the law is better settled than that a mere participation in the profits does not constitute a partnership in respect to the concern or adventure from which the profits arise.    Story Partnership, 540-545.    In order to constitute a partnership *inter sese*, there must be a sharing in the losses as well as the profits."    See, also, *McBride v. Ricketts*, 98 Iowa, 539.    By this contract it is expressly provided that Huiskamp shall not be liable for any of the losses, and there is no provision by which he was to share in the profits. As a return for the use of his money, he was to receive an "annual dividend of ten per cent. on said three thousand dollars out of said business from said Carlton;    not ten per cent. of the profits, but ten per cent. on three thousand dollars."    That it is called "an annual dividend" does not make it a share in profits.    It was to be paid annually, whether profits were realized or not.    The provision that at the expiration of the five years, or sooner by agreement of the parties, Carlton was to repay the three thou-

sand dollars, or, upon failure, Huiskamp had the right to take of the goods to that amount, seems to preclude the conclusion that the parties intended to form a partnership. While the contract is unusual as a contract for the loan of money, and possesses some of the features of a contract of co-partnership, yet, viewed in all its parts, we think it was simply a contract for the loan of money, that it lacks the essential element of a partnership in that there is no sharing in profits and losses, and that wherein it does possess features of a co-partnership contract is explained by the nature of the security for the payment of the three thousand dollars.—AFFIRMED.